Cam Ferenbach
Nevada Bar No. 96
Jennifer L. Braster
Nevada Bar No. 9982
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888 (Telephone)
(702) 383-8845 (Fax)

Mark A. Hannemann
Jeffrey S. Ginsberg
R. Scott Roe
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (Telephone)

*Attorneys for Robert Bosch LLC*

Michael D. Rounds
Nevada Bar No. 4734
Adam K. Yowell
Nevada Bar No. 11748
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083
Telephone:  (775) 324-4100
Facsimile:   (775) 333-8171

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT BOSCH LLC,<br><br>            Plaintiff,<br><br>        v.<br><br>ADM 21 CO., LTD.; ADM USA; and ADM NORTH AMERICA,<br><br>            Defendants. | Case No. 2:10-cv-01930-RLH-LRL<br><br>**STIPULATED PROTECTIVE ORDER** |

-1-

### STIPULATED PROTECTIVE ORDER

1

2    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure Plaintiff Robert Bosch

3  LLC ("Bosch") and Defendants ADM21 Co., Ltd., ADM Co. (North America) Ltd., and ADM

4  USA[1] (collectively, "Defendants"), by and through their respective counsel of record, hereby

5  submit this joint Protective Order.  The parties have determined that certain documents and

6  information

7  produced or to be produced during discovery in the above titled litigation (the "Action") should

8  be kept confidential in order to protect the legitimate business interests of the parties and their

9  customers, business partners, and other non-parties to this action and hereby have stipulated and

10  agreed by and through their respective undersigned counsel to the request for, and entry of, the

11  following Protective Order pursuant to Fed. R. Civ. P. 26(c).

12    1.    Right to Designate.  Any party to this Action, and any non-party from whom

13  discovery is sought in connection with this Action who agrees to be bound by the procedures of

14  this Protective Order ("the Designator"), may designate as "Confidential – Attorneys' Eyes

15  Only" any "Protected Information" produced by such party.  "Protected Information" is defined

16  herein as any information, document, testimony, thing, source code, object code, data, file, or

17  other material that constitutes or contains proprietary, confidential, and/or commercially

18  sensitive technical, business, financial or commercial information.  "Recipient" as used herein

19  refers to any party to this litigation who receives Protected Information designated pursuant to

20  this Protective Order.

21    2.    Confidential Designations.  By designating material "Confidential – Attorneys'

22  Eyes Only" the Designator is representing that it believes in good faith that the designated

23  material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

24  "Confidential-Attorneys' Eyes Only" material includes any Protected Information that

25  constitutes or contains proprietary, confidential and/or commercially sensitive information.

26  "Confidential-Attorneys' Eyes Only " may further include any Protected Information that

27

---

[1]    Defendants state that ADM USA is a non-existent entity.

-2-

constitutes, reflects, or concerns trade secrets, know-how or proprietary data, or business plans or strategies; or that constitutes or contains any business, financial, commercial or technical information (such as revenue reports, design specifications, flow charts, block diagrams, schematics, etc.).

      3.      <u>Disclosure of "Confidential – Attorneys' Eyes Only" Protected Information</u>. Until or unless the Court rules otherwise, Protected Information designated as "Confidential – Attorneys' Eyes Only" and copies, extracts, compilations and summaries thereof, as well as the information therein, shall be maintained in confidence by the Recipient.  Protected Information designated "Confidential – Attorneys' Eyes Only" shall not be disclosed or otherwise communicated to any person, including the Recipient, except:

      a.      Outside counsel for the parties.  As used herein, "outside counsel" shall mean the following listed law firms, including their clerical, litigation support and paralegal employees:

> LIONEL SAWYER & COLLINS
> 1700 Bank of America Plaza
> 300 South Fourth Street
> Las Vegas, Nevada 89101
>
> KENYON & KENYON LLP
> One Broadway
> New York, NY 10004
>
> WATSON ROUNDS
> 5371 Kietzke Lane
> Reno, NV  89511-2083
>
> KIRKLAND & ELLIS LLP
> 300 North LaSalle Street
> Chicago, IL 60654
>
> KIMM LAW FIRM
> 41W Bancker Street
> Englewood, NJ 07631 USA

b.      Testifying experts, non-testifying experts, consultants, and/or consulting firms for each of the parties, specifically engaged by counsel or the parties to assist in this Action, who have been properly designated in accordance with paragraph 5 and have executed an undertaking in the form of Exhibit 1;

c.      Vendors retained by a party or by counsel of record, including without limitation:  graphics or design services retained for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings; translators, copy services, companies that digitize documents, and other similar document management vendors; and jury research or trial consulting services.  Any such vendors shall first execute an undertaking in the form of Exhibit 1.  Such agreement may be signed by an authorized agent on behalf of a vendor that is an entity; it need not be signed by each employee of a vendor performing services.  In addition, selected items containing Protected Information may be shown to persons selected to serve as members of focus groups, mock juries or similar studies provided that such persons are screened to ensure that they are not employed by or affiliated with competitors of any of the parties hereto, and provided that such persons agree in writing (in a form approved by the other parties, although not necessarily in the form of Exhibit 1) to keep confidential any Protected Information disclosed to them during such studies;

d.      Any person being examined as a witness during a deposition or at trial concerning any Protected Information authored by that person or to which that person otherwise had lawful access prior to his or her examination; and

e.      The Court, jurors, and any court officers, court stenographers, and outside copy services used by the Court whose function requires them to have access to Protected Information; and

f.      Any other person, upon order of the Court.

4.      Disclosure of "Confidential – Attorneys' Eyes Only" Protected Information to Persons Not Described in Paragraph 3.  If any party wishes to disclose another party's

"Confidential – Attorneys' Eyes Only" Protected Information to any person not described in paragraph 3 above, that party must notify the Designator in writing and provide (1) the name of the person to whom the "Confidential Attorneys' Eyes Only" Protected Information is to be disclosed and (2) a description of the Protected Information proposed to be disclosed to such person.  The Designator must, within ten (10) business days, notify the party wishing to disclose the information of its objections, if any, to the disclosure.  If the Designator objects to the disclosure, the party wishing to disclose the information must seek relief pursuant to Fed. R. Civ. P. 37, requesting permission to disclose the "Confidential – Attorneys' Eyes Only" Protected Information to the named person.  If relief is sought, such Protected Information shall not be disclosed to the named person pending a decision by the Court.  If no relief is sought, the protection afforded "Confidential – Attorneys' Eyes Only" Protected Information shall continue as to the Protected Information described in the moving party's notice given pursuant to this paragraph.  Any person who becomes authorized to receive "Confidential – Attorneys' Eyes Only" Protected Information pursuant to this paragraph shall, prior to receipt of Protected Information, execute an undertaking in the form of Exhibit 1.  Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

5.      Designation of Consultants.  Any Recipient may designate a reasonable number of retained expert consultants (either testifying or non-testifying) ("Consultants") to have access to Protected Information under this Protective Order if the consultants are:  (i) neither employees of a party nor anticipated to become employees of a party in the near future; and (ii) engaged by or on behalf of a party as bona fide consultants or experts for purposes of this Action.  The following procedures shall govern the designation of Consultants under this Protective Order:

        a.      The party designating a Consultant shall provide the other parties with:  (i) a current resume or curriculum vitae of such person, which shall identify all of the consultant's employers and the persons or entities for whom the consultant has consulted within the past five (5) years, and provide a general description of the nature of such

consulting engagements, and (ii) a copy of a completed and signed undertaking in the form attached hereto as Exhibit 1.  Notwithstanding the foregoing, if a proposed Consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such consulting engagement or the identity of the entity for which the consulting services were or are being performed, then the Consultant shall state that certain information is being withheld on that basis and may supplement his or her disclosure with such additional information as he or she believes would be helpful to the parties and the Court in determining whether the Consultant may have access to Protected Information under this Protective Order.

b.      Within ten (10) business days after receipt of the information and signed undertaking described in subparagraph (a), a Designator may object in good faith in writing to the proposed Consultant if facts available to that party show that there is a reasonable likelihood that the proposed Consultant will use or disclose Protected Information for purposes other than those permitted by this Protective Order, or if the Consultant states that he or she is unable to disclose information concerning other consulting engagements due to a non-disclosure agreement.  The written objection shall set forth the specific factual basis for the objection.  Failure to object in writing to a proposed Consultant within ten (10) business days shall be deemed approval, but shall not preclude a party from objecting to continued access to Protected Information by that Consultant where facts subsequently learned by the party or its counsel suggest that a basis for objection exists.

c.      If a party so objects, the parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court.  If the dispute is not thereby resolved within ten (10) calendar days, then the objecting party may seek a ruling from the Court and shall bear the burden of showing why disclosure should not be permitted. Pending a ruling by the Court, the proposed Consultant shall not have access to Protected Information unless such access has been previously approved.

6.      Designation as Protected Information:  How Made.  No designation of documents or things shall be effective unless there is placed or affixed on such material a "Confidential – Attorneys' Eyes Only—CASE NO. 2:10-cv-01930" marking as required herein.  The designation of information or material as "Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner:

a.      The Designator shall affix the legend "Confidential – Attorneys' Eyes Only—CASE NO. 2:10-cv-01930" to each page of any document containing such information at the time such documents are produced, or as soon thereafter as the Designator becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

b.      In the case of documents produced on magnetic, optical or other encoded media (except for images of hard copy documents), the Designator shall affix the legend "Confidential – Attorneys' Eyes Only—CASE NO. 2:10-cv-01930" on the outside of the storage medium (e.g., the magnetic disk enclosure or optical disk).

c.      In the case of transcripts or recordings of depositions or other pretrial proceedings in this Action, counsel for the Designator may state on the record during such deposition or other proceeding that the entire transcript or a portion thereof shall be designated as "Confidential – Attorneys' Eyes Only"; or may give written notice of such designation within ten (10) business days after the transcript or recording is sent to counsel by the court reporter.  If no such designation is made at the time of the testimony or other proceeding, the parties shall treat all transcripts and recordings of testimony and proceedings as  "Confidential – Attorneys' Eyes Only" hereunder until the expiration of ten (10) business days after the transcript or recording is sent to counsel by the court reporter.  If any document or material designated as "Confidential – Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such document or material shall be stamped with the designated degree of

1

2

confidentiality, and access thereto shall be limited pursuant to the other terms of this

Protective Order.

3

    d.  In the case of pleadings, briefs, memoranda, exhibits, written discovery

4

responses, or other documents prepared in this Action for the purpose of discovery or

5

court proceedings, Counsel shall affix the legend "Confidential – Attorneys' Eyes Only—

6

CASE NO. 2:10-cv-01930" to each page of any document containing any such Protected

7

Information at the time such documents are served or filed, or promptly after learning

8

that the document contains Protected Information.  When material designated as or

9

containing Protected Information (including but not limited to documents, interrogatory

10

responses, responses to requests for admission, deposition transcripts, or other

11

information) is incorporated in or filed with pleadings, motions or briefs or filed as

12

evidence (including as exhibits to legal memoranda), such material shall be filed with the

13

Court in accordance with CM/ECF Procedures for filing sealed documents.

14

    7.  Designation:  How Challenged.  The propriety of a designation of Protected

15

Information may be challenged at any time, and the failure to object to a designation of Protected

16

Information shall not constitute an admission that the information constitutes or incorporates a

17

trade secret or other confidential information of the Designator within the scope of Fed. R. Civ.

18

P. 26(c)(1)(G).  If a Recipient desires to challenge a designation of Protected Information, the

19

Recipient shall confer with the Designator and seek to resolve the issue.  If the dispute is not

20

thereby resolved within ten (10) calendar days, the Recipient may apply to the Court for relief

21

and shall bear the burden of persuasion that the information was improperly designated.  Until

22

this Court rules on the challenge, all parties shall continue to treat the material in question with

23

the level of protection identified by the Designator.

24

    8.  Limitations on Use of Protected Information.  No recipient of Protected

25

Information shall use such information for any purpose other than in connection with this Action,

26

including any appeals, and such information shall not be disclosed to anyone except as provided

27

herein, by further written agreement of the parties, or by further order of the Court.

1

2          9.      Protected Information Sought by Third Parties.  If a Recipient is (a) subpoenaed

3    in another action, (b) served with a demand in another action to which it is a party, or (c) served

4    with any other legal process by one not a party to this Action, seeking Protected Information that

5    was produced in this Action, the Recipient shall (i) object to its production to the extent

6    permitted by law, setting forth the existence of this Protective Order; (ii) within five (5) business

7    days after receipt thereof, or the earliest practicable date thereafter, give written notice by e-mail,

8    hand, or facsimile of such process or discovery request together with a copy thereof, to counsel

9    for the Designator; (iii) cooperate to the extent necessary to permit the Designator to seek to

10   quash such process or discovery request; and (iv) not make production or disclosure of such

11   Protected Information until the Designator consents in writing to production or the receiving

12   party is ordered or compelled by a court, U.S. or foreign government agency, or administrative

13   body of competent jurisdiction to produce or disclose such Protected Information, so long as the

14   order is not stayed prior to the date set for production or disclosure.  Nothing herein shall be

15   construed as requiring any party or other person subject to this Protective Order to challenge or

16   appeal any order requiring production of Protected Information or subject itself to any penalties

17   for noncompliance with any legal process or order.  Compliance with such other legal process or

18   order by a person or party who has otherwise complied with the provisions of this paragraph will

19   not be a violation of this Order.

20          10.     Exclusions from Protected Information.  Protected Information shall not include

21   information or material that:  (a) was, is, or becomes public knowledge in a manner other than by

22   violation of this Protective Order or other fault of the Recipient; (b) is acquired by the Recipient

23   from a third party not owing a duty of confidentiality to the Designator; (c) before receipt from

24   the Designator, was lawfully possessed by the non-designating party without a duty of

25   confidentiality to the Designator; (d) is disclosed by the Designator to a third party not owing a

26   duty of confidentiality to the Designator; (e) is independently developed by the Recipient; (f) is

27   disclosed under operation of law without confidentiality or disclosure provisions after prior

notice to the Designator; (g) was disclosed to the Recipient by the Designator prior to entry of this Protective Order without a duty of confidentiality to the Designator; or (h) is disclosed by the Recipient with the Designator's prior written approval.

11.    Consent to Jurisdiction.  All persons who have access to Protected Information under this Protective Order shall be bound by this Protective Order and shall be subject to the jurisdiction of this Court for the purposes of enforcing this Protective Order.

12.    Application to Third Parties.  Any third party who raises a confidentiality objection to providing documents and/or deposition testimony in this matter shall be provided with a copy of this Order and notified of the opportunity to designate materials in accordance with this Protective Order.

13.    No Application to Party's Own Information.  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

14.    Inadvertent Production of Non-Designated Protected Information.  If a party inadvertently produces any Protected Information without so designating it, the Recipient may disclose such information to others until the recipient party is notified or becomes aware of the error, unless the Recipient knows or it is obvious from the face of the document that it contains confidential information that the producing party intended to designate as Protected Information pursuant to this Protective Order.  If the producing party notifies the Recipient in writing of an inadvertent failure to designate information as Protected Information, the Recipient will thereafter treat such information as if it had been so designated when produced and (i) will make a good faith effort to secure the prompt return of all copies of documents containing such information that it distributed or disclosed to persons not authorized to have access to such information under this Protective Order, as well as any copies made by such persons, (ii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (iii) request such person or persons to execute the Undertaking that is attached hereto as Exhibit 1.

-10-

15.     Inadvertent Disclosure of Designated Protected Information.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the unauthorized disclosure shall immediately notify counsel for the Designator and shall make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the unauthorized recipient(s) thereof and securing the agreement of the recipient(s) not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the Designator from seeking further relief from the Court.

16.     Inadvertent Production of Privileged Information.  Without intending to modify any existing case law or rule, if a party inadvertently produces a document that it later discovers to be a privileged document (i.e., a document covered by the attorney-client privilege, work-product doctrine, common interest doctrine, or other applicable privilege), the production of that document shall not constitute a waiver of any applicable privilege.  In such circumstances, the producing party must immediately notify the receiving party in writing of the inadvertent production and request the return or confirmed destruction of the privileged materials.  Within ten (10) business days after receiving such notification, the recipient party shall return or confirm destruction of all such materials, including any summaries thereof.

17.     All Forms of Discovery.  The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

18.     Prosecution Bar.  The parties will identify at the time of production any Protected Information that is properly the subject of a prosecution bar (e.g., technical information concerning forthcoming but not yet public ADM or Bosch products).  No individual who received this information shall engage in prosecution of any patent application (including reissuance proceeding but excluding any reexamination proceedings) in the same technological

field, *e.g.* wiper blade technology, for two (2) years after the last time such person accesses the material, or the product in question becomes public, whichever is earlier.

19.     Modification / Trial.  It is the intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court upon notice to the other parties hereto and upon a showing of good cause.  If this case proceeds to trial, the parties shall meet and confer on the procedures necessary to protect the confidentiality of any documents, information and transcripts used in Court during trial.

20.     Effective Before Entry.  The parties agree to be bound by the terms of this Protective Order once it is signed by all the parties hereto pending its entry by the Court, or pending the entry by the Court of an alternative hereto, and any violation of its terms during such pendency shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

21.     Return or Destruction of Protected Information Upon Completion of the Case. Absent written agreement of the parties or further order of the Court, the provisions of this Protective Order shall continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as Protected Information hereunder shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof; provided, however, that outside counsel of record for each party shall be entitled to retain court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated by another party as Protected Information).  If outside counsel does retain information or material so designated by another party, it shall not disclose any such information

1 or material to any other person or entity or use any such information or material for any purpose

2 except pursuant to a further written agreement with the Designator or pursuant to a court order or

3 similar legal process. All materials returned to the parties or their counsel by the Court likewise

4 shall be disposed of in accordance with this paragraph.

5       22.    Survival of Order. This Protective Order shall remain in full force and effect after

6 the termination of this Action, or until canceled or otherwise modified by Order of this Court.

7

8 Dated: January 28, 2011                     Dated: January 28, 2011

9 Stipulated to by:                           Stipulated to by:

10  /s/ Jennifer L. Braster              /s/ Bryce A. Budin

11     Cam Ferenbach                    Michael D. Rounds
    Nevada Bar No. 96               Nevada Bar No. 4734

12     Jennifer L. Braster              Adam K. Yowell
    Nevada Bar No. 9982            Nevada Bar. No. 11748

13     LIONEL SAWYER & COLLINS    WATSON ROUNDS
    1700 Bank of America Plaza      5371 Kietzke Lane

14     300 South Fourth Street          Reno, NV 89511-2083
    Las Vegas, Nevada 89101

15

16     Mark A. Hannemann           Russell E. Levine, P.C.
    Jeffrey S. Ginsberg            Craig D. Leavell

17     R. Scott Roe                  Bryce A. Budin
    KENYON & KENYON LLP     Kirkland & Ellis LLP

18     One Broadway               300 North LaSalle Street, 26th Floor
    New York, NY 10004          Chicago, IL 60654

19

20 *Attorneys for Robert Bosch LLC*      *Attorneys for Defendants*

21                                    **IT IS SO ORDERED**

22

23                             UNITED STATES MAGISTRATE JUDGE

24                           DATED: 2-2-11

25

26

27

-13-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT 1

1    **[ATTORNEYS LIST]**

2    *Attorneys for [party]*

3

4

                  **UNITED STATES DISTRICT COURT**
5                       **DISTRICT OF NEVADA**

6

7    ROBERT BOSCH LLC,                Case No. 2:10-cv-01930-LRH-LRL

           Plaintiff,              **UNDERTAKING OF [CONSULTANT]**
8

9        v.

10    ADM 21 CO., LTD.; ADM USA; and
     ADM NORTH AMERICA,

11           Defendants.

12

13                   **UNDERTAKING OF [CONSULTANT]**

14       I, **[NAME]**, having been retained by **[PARTY]** in connection with the above-captioned

15 lawsuit, hereby acknowledge that I am about to receive Protected Information as defined in the

16 Protective Order agreed to by the parties and so ordered by the Court in this case.

17       I certify my understanding that the Protected Information is being provided to me

18 pursuant to the terms and restrictions of the Protective Order and that I have been given a copy of

19 and have read and understood my obligations under that Protective Order.  I hereby agree to be

20 bound by the terms of the Protective Order.  I understand that the Protected Information and my

21 copies or notes relating thereto may only be disclosed to or discussed with those persons

22 permitted by the Protective Order to receive such material.  I also understand that neither I nor

23 anyone assisting me can use or rely on any Protected Information disclosed to me for any

24 purpose not authorized under the Protective Order.

25 . . .

26 . . .

27 . . .

-1-

1   I will return on request all materials containing Protected Information, copies thereof and

2   notes that I have prepared relating thereto to outside trial counsel for the party by whom or on

3   whose behalf I am retained or I will destroy those materials.

4   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

5   Protective Order and waive any and all objections to jurisdiction and venue.

6   I declare under penalty of perjury that the foregoing is true and correct.

7

8   Dated:                                          Signed:

9   _____                          _____

10                                                  **[TYPED NAME]**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-2-