Cam Ferenbach
Nevada Bar No. 96
Jennifer L. Braster
Nevada Bar No. 9982
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888 (Telephone)
(702) 383-8845 (Fax)
cferenbach@lionelsawyer.com
jbraster@lionelsawyer.com

Mark A. Hannemann, *admitted pro hac vice*
Jeffrey S. Ginsberg, *admitted pro hac vice*
Richard M. Cowell, *admitted pro hac vice*
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (Telephone)
mhannemann@kenyon.com
jginsberg@kenyon.com
rcowell@kenyon.com

*Attorneys for Robert Bosch LLC*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BOSCH LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>ADM 21 CO., LTD.; ADM USA; and<br>ADM NORTH AMERICA,<br><br>             Defendants. | Case No. 2:10-cv-01930-RLH-LRL |

### PLAINTIFF ROBERT BOSCH LLC'S
### <u>RESPONSIVE CLAIM CONSTRUCTION BRIEF</u>

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## TABLE OF CONTENTS

I.   ARGUMENT ................................................................................................. 1

   A.  Claim Terms From The '607 Patent ................................................. 2

   B.  Claim Terms From The '698 Patent ................................................. 5

   C.  Claim Terms From The '905 Patent ............................................... 13

II.  CONCLUSION ............................................................................................ 23

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Cases**

3

4

*Acumed LLC v. Stryker Corp.,*
   483 F.3d 800 (Fed. Cir. 2007)....................................................................... 4, 13

5

*Aero Prods. Int'l, Inc. v. Intex Recreation Corp.,*
   466 F.3d 1000 (Fed. Cir. 2006)........................................................................ 22

6

7

*Astra Aktiebiolag v. Andrx Pharms., Inc.,*
   222 F. Supp. 2d 423 (S.D.N.Y. 2002)................................................................ 7

8

*Astrazeneca LP v. Apotex, Inc.,*
   633 F.3d 1042 (Fed. Cir. 2010).......................................................................... 9

9

10

*Baldwin Graphic Sys., Inc. v. Siebert, Inc.,*
   512 F.3d 1338 (Fed. Cir. 2008)........................................................................ 17

11

*Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP,*
   616 F.3d 1249 (Fed. Cir. 2010)............................................................... 5, 15, 22

12

13

*Broadcom Corp. v. Int'l Trade Comm'n,*
   542 F.3d 894 (Fed. Cir. 2008)............................................................... 14, 16, 17

14

*Chef Am., Inc. v. Lamb-Weston, Inc.,*
   358 F.3d 1371 (Fed. Cir. 2004)........................................................................ 18

15

16

*Comark Commc's, Inc. v. Harris Corp.,*
   156 F.3d 1182 (Fed. Cir. 1998).......................................................................... 4

17

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,*
   424 F.3d 1293 (Fed. Cir. 2005)........................................................................ 12

18

19

*Elkay Mfg. Co. v. Ebco Mfg. Co.,*
   192 F.3d 973 (Fed. Cir. 1999).......................................................................... 18

20

*Energizer Holdings, Inc. v. Int'l Trade Comm'n,*
   435 F.3d 1366 (Fed. Cir. 2006)........................................................................ 12

21

22

*Ex Parte Fressola,*
   No. 93-0828, 27 U.S.P.Q.2d 1608 (B.P.A.I. May 11, 1993) ......................... 2, 20

23

*Exxon Research & Eng'g Co. v. United States,*
   265 F.3d 1371 (Fed. Cir. 2001).......................................................................... 2

24

25

*Free Motion Fitness, Inc. v. Cybex Int'l, Inc.,*
   423 F.3d 1343 (Fed. Cir. 2005)........................................................................ 19

26

*Freedom Wireless, Inc. v. Alltel Corp.,*
   Nos. 2:06cv504, 2:06cv505, 2:07cv151, 2:07cv152, 2008 WL 4647270
   (E.D. Tex. Oct. 17, 2008)................................................................................... 3

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

*Haemonetics Corp. v. Baxter Healthcare Corp.*,
    607 F.3d 776 (Fed. Cir. 2010)................................................................... 2

*Halo Elecs., Inc. v. Pulse Eng'g, Inc.*,
    721 F. Supp. 2d 989 (D. Nev. 2010) ............................................... passim

*Hoffer v. Microsoft Corp.*,
    405 F.3d 1326 (Fed. Cir. 2005)............................................................ 3, 11

*Honeywell Int'l, Inc. v. United States*,
    596 F.3d 800 (Fed. Cir. 2010)....................................................... 2, 8, 18

*In re Omeprazole Patent Litig.*,
    84 Fed. Appx. 76 (Fed. Cir. 2003) .............................................................. 7

*Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*,
    554 F.3d 1010 (Fed. Cir. 2009)............................................................ 8, 21

*Mondis Tech., Ltd. v. Hon Hai Precision Indus. Co., Ltds.*,
    No. 2:07-CV-565-TJW-CE, 2011 U.S. Dist. LEXIS 7140
    (E.D. Tex. Jan. 24, 2011) ........................................................................... 2

*Oakley, Inc. v. Sunglass Hut Int'l*,
    316 F.3d 1331 (Fed. Cir. 2003).............................................................. 7, 8

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005)................................................................... 9

*Playtex Prods., Inc. v. Procter & Gamble Co.*,
    400 F.3d 901 (Fed. Cir. 2005)............................................................... 5, 13

*Primos, Inc. v. Hunter's Specialties, Inc.*,
    451 F.3d 841 (Fed. Cir. 2006)................................................................... 23

*Pulse Eng'g, Inc. v. Mascon, Inc.*,
    No. 08cv595 JM (AJB), 2009 U.S. Dist. LEXIS 26885
    (S.D. Cal. Mar. 9, 2009)...................................................................... passim

*Retractable Techs. v. New Med. Techs.*,
    No. 4:02-CV-34, 2004 U.S. Dist. LEXIS 3855 (E.D. Tex. Mar. 1, 2004) .............................. 7

*Schoenhaus v. Genesco, Inc.*,
    440 F.3d 1354 (Fed. Cir. 2006)................................................................. 15

*Shuffle Master, Inc. v. Awada*,
    No. 2:04-cv-0980-BES-PAL, 2007 WL 4166109 (D. Nev. Nov. 16, 2007) .................... 3, 12

*Silicon Graphics, Inc. v. ATI Techs., Inc.*,
    607 F.3d 784 (Fed. Cir. 2010)............................................................ passim

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
    775 F.2d 1107 (Fed. Cir. 1985)............................................................. 4, 20

*SunRace Roots Enter. Co., Ltd. v. SRAM Corp.*,
    336 F.3d 1298 (Fed. Cir. 2003).................................................... 14, 16, 17

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

*U.S. Surgical Corp. v. Ethicon, Inc*,
    103 F.3d 1554 (Fed. Cir. 1997)....................................................................................... 14, 16

*Vitronics Corp. v. Conceptronic, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996).............................................................................................. 10

*W. Union Co. v. Moneygram Int'l, Inc.*,
    No. A-07-CA-372-SS, 2010 U.S. Dist. LEXIS 132700 (W.D. Tex. Aug. 21, 2010).............. 2

*Wellman, Inc. v. Eastman Chem. Co.*,
    No. 2010-1249, __ F.3d __, 2011 U.S. App. LEXIS 8903  (Fed. Cir. Apr. 29, 2011).... passim

**Other Authorities**

Manual of Patent Examining Procedure ("MPEP") § 608.01.................................................. 2, 19

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- iv -

Plaintiff Robert Bosch LLC ("Bosch") submits this *Markman* brief in response to defendants ADM 21 Co. Ltd.'s and ADM 21 Co. (North America) Ltd.'s (collectively, "ADM") Opening Claim Construction Brief (D.I. 49, "ADM Opening Brief") and in further support of its Opening Claim Construction Brief (D.I. 51, "Bosch Opening Brief") of proposed claim constructions with respect to United States Patent Nos. 6,944,905 ("the '905 patent," Ex. A), 6,973,698 ("the '698 patent," Ex. B), and 6,553,607 ("the '607 patent," Ex. C) (collectively, "the patents-in-suit").[1]

## I.    ARGUMENT

As stated in its Opening Brief, Bosch's proposed claim constructions are dictated by the claim language, specifications and prosecution histories of the patents-in-suit.  By contrast, ADM's constructions are at odds with the intrinsic evidence, improperly import limitations into the claims from the specification, and are contrary to the ordinary meanings of the same.  For the reasons that follow, and for the reasons set forth in Bosch's Opening Brief, Bosch respectfully requests that the Court adopt its constructions where offered and decline to construe the remaining terms, which are clear on their face and can be properly applied by a jury without construction.

As Bosch made clear in its disclosure of proposed constructions, the majority of claim terms identified by ADM are clear on their face and require no construction.  (Ex. F, Bosch's Proposed Constructions.)

ADM argues that many of the claim terms discussed are indefinite.  ADM's position lacks merit.  Indeed, to prove a claim term indefinite, and thus prove the claim invalid, an accused infringer must prove by clear and convincing evidence that the claim term is insolubly ambiguous.  "Thus, an accused infringer must demonstrate by clear and convincing evidence that one of ordinary skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art."

---

[1]    Citations to Ex. A through L refer to the Appendix to Plaintiff Robert Bosch LLC's Opening Claim Construction Brief, previously filed as D.I. 52.  Citations to Ex. M through N refer to exhibits to the Declaration of Richard M. Cowell, filed contemporaneously herewith.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

-1-

*Wellman, Inc. v. Eastman Chem. Co.*, No. 2010-1249, __ F.3d __, 2011 U.S. App. LEXIS 8903, at *28 (Fed. Cir. Apr. 29, 2011) (quoting *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010)). "If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds." *Honeywell Int'l, Inc. v. United States*, 596 F.3d 800, 811 (Fed. Cir. 2010) (quoting *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001)).

As discussed below, all of the claim terms are readily amenable to construction—indeed, many of the terms are easily understandable and can be applied by the jury without construction—and ADM has failed to produce the clear and convincing evidence needed to meet the "exacting standard" required to prove them indefinite.[2]

**A.**     **Claim Terms From The '607 Patent**

    **1.**     **"on a free end of said arm is fixed on [*sic*] one end of a cantilevered joint pin (56) with a joint axis"[3]**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 1 | No construction is necessary. | indefinite |

ADM argues that this phrase is "insolubly ambiguous and therefore indefinite." (ADM Opening Brief at 27.) As noted in Bosch's Opening Brief, the prosecution history makes clear that the inclusion of the word "on" between "fixed" and "one" is a typographical error introduced by the Patent Office. (Bosch Opening Brief at 5–6.) A typographical error does not

---

[2]     An accused infringer's argument that a claim is indefinite does not prevent the court from holding that the term can be applied by the jury without construction. *E.g.*, *Pulse Eng'g, Inc. v. Mascon, Inc.*, No. 08cv595 JM (AJB), 2009 U.S. Dist. LEXIS 26885, at *12–18 (S.D. Cal. Mar. 9, 2009) (holding claim terms not indefinite and not requiring construction); *Mondis Tech., Ltd. v. Hon Hai Precision Indus. Co., Ltds.*, No. 2:07-CV-565-TJW-CE, 2011 U.S. Dist. LEXIS 7140, at *83–84 (E.D. Tex. Jan. 24, 2011) (claim term was not indefinite and did not require construction); *W. Union Co. v. Moneygram Int'l, Inc.*, No. A-07-CA-372-SS, 2010 U.S. Dist. LEXIS 132700, at *11–12 (W.D. Tex. Aug. 21, 2010) (same).

[3]     As noted in Bosch's Opening Brief, reference numerals have no effect on claim scope. *See* Bosch's Opening Brief at 5 (citing *Ex Parte Fressola*, No. 93-0828, 27 U.S.P.Q.2d 1608, 1613 (B.P.A.I. May 11, 1993); Manual of Patent Examining Procedure ("MPEP") § 608.01)).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1    render a claim indefinite. *Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005)

2    (reversing summary judgment of validity for indefiniteness based on typographical error where

3    "the error was apparent from the face of the patent, and that view is not contradicted by the

4    prosecution history"); *Shuffle Master, Inc. v. Awada*, No. 2:04-cv-0980-BES-PAL, 2007 WL

5    4166109, at *10 (D. Nev. Nov. 16, 2007) (construing claim to correct typographical error);

6    *Freedom Wireless, Inc. v. Alltel Corp.*, Nos. 2:06cv504, 2:06cv505, 2:07cv151, 2:07cv152, 2008

7    WL 4647270, at *13 (E.D. Tex. Oct. 17, 2008) (rejecting argument that typographical error

8    rendered claim indefinite).

9         Given the proper reading of this phrase, ADM's indefiniteness argument must fail.  ADM

10   states that "eliminating the word 'on' would require the pin to be fixed to the wiper arm at one

11   end of the pin but would not require the pin to be fixed at one end of the wiper arm itself."

12   (ADM Opening Brief at 27 n.19.)  ADM is incorrect, as the plain language of the claim states

13   that "one end of a cantilevered joint pin" is fixed "on a free end" of the wiper arm.  (*See* Ex. C at

14   7:8–10.)  ADM points to no evidence, much less clear and convincing evidence, that one of skill

15   in the art would be unable to understand the phrase "on a free end of said arm is fixed on one end

16   of a cantilevered joint pin (56) with a joint axis" and its indefiniteness argument must fail.

17   *Wellman*, 2011 U.S. App. LEXIS 8903, at *28.

18        Since this claim term is easily understandable, it can be applied by the jury without

19   construction.  *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 798 (Fed. Cir. 2010)

20   (affirming district court's choice to not construe term and apply its ordinary meaning); *Halo*

21   *Elecs., Inc. v. Pulse Eng'g, Inc.*, 721 F. Supp. 2d 989, 1004 (D. Nev. 2010) (holding that a claim

22   term should be given its ordinary meaning and did not require construction); *Pulse Eng'g,* 2009

23   U.S. Dist. LEXIS 26885, at *12–18 (holding claim terms not indefinite and not requiring

24   construction).

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 3 -

1

2

2.      "the bearing bore (36) is disposed in the coupling part (30) near one end thereof"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|----------------------------|
| 6 | No construction is necessary<br><br>The only construction that may be useful is to replace the term "disposed" with "located" to make it easier for the jury to understand. | the bearing bore (36) is disposed in the coupling part (30) and is located close to one longitudinal end of the coupling part and closer to that end than to the other longitudinal end of the coupling part |

ADM's proposed construction of this phrase improperly reads in a limitation—requiring the bearing bore to be *nearer* to one end of the coupling part than the other—from a preferred embodiment described in the specification.  (ADM Opening Brief at 28–30.)[4]  *See Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) ("Further, the language that Harris argues should limit claim 1 is clearly found in the '904 patent's description of the preferred embodiment. It is precisely against this type of claim construction that our prior case law counsels."); *see also Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 807–08 (Fed. Cir. 2007) (rejecting defendant's proposed construction as "an improper attempt to read a feature of the preferred embodiment into the claims as a limitation").

The claim language "near one end thereof" does not discuss any relation to another end. The language ADM identifies as supporting its position similarly does not require that "near one end" means "nearer one end" (ADM Opening Brief at 29)— the cited passage is discussing the location of a cross-groove.  (Ex. C at 4:31–37.)  The cross-groove is an open groove facing away from the carrying element (*id.* at 4:33–38) and is an entirely separate (and unrelated) feature from the bearing bore.  Indeed, the cross-groove is not an element of claim 6, but rather is a claimed feature of claim 7 (which depends from claim 6).  (Ex. C at 8:11–14.)

---

[4]      The motivation behind ADM's proposed construction is clear from its Opening Brief. ADM acknowledges that it seeks to read in this unsupported limitation in an attempt to set up a non-infringement argument for trial.  *See* ADM Opening Brief at 30 n.21 (describing ADM's accused products).  This is improper.  *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc) ("It is only *after* the claims have been *construed without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement.").

LIONEL SAWYER<br>& COLLINS<br>ATTORNEYS AT LAW<br>1700 BANK OF AMERICA PLAZA<br>300 SOUTH FOURTH ST.<br>LAS VEGAS,<br>NEVADA 89101<br>(702) 383-8888

- 4 -

The remainder of ADM's argument relies on the figures, which generally show the bearing bore nearer to one end than the other.  However, absent a clear disclaimer, the figures do not limit the scope of the claims.  "Claims of a patent may only be limited to a preferred embodiment by the express declaration of the patentee, and there is no such declaration here." *Playtex Prods., Inc. v. Procter & Gamble Co.*, 400 F.3d 901, 908 (Fed. Cir. 2005) (internal citation omitted).  *See also id. at* 907 (rejecting district court's claim construction because "By its reliance on the figures, the district court improperly limited claim 1 to a preferred embodiment"); *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333–34 (Fed. Cir. 2007)  ("patent coverage is not necessarily limited to inventions that look like the ones in the figures. To hold otherwise would be to import limitations onto the claim from the specification, which is fraught with 'danger.' Limiting claims from the specification is generally not permitted absent a clear disclosure that the patentee intended the claims to be limited as shown." (internal citations omitted)).  ADM points to no disclaimer, let alone a clear disclaimer, that the patentee intended to limit the claims to the drawings.  ADM's proposed construction should therefore be rejected.

Since the claim term "the bearing bore is disposed in the coupling part near one end thereof" is easily understandable, it can be applied by the jury without construction.  *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.  Accordingly, no construction is necessary.

**B.**    **Claim Terms From The '698 Patent**

**1.**    **"an elongated spring-elastic carrying element disposed on a side of the wiper strip remote from the window"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 1 | No construction is necessary.<br><br>The only construction that may be useful is to replace the term "disposed" with "located" to make it easier for the jury to understand. | an elongated spring-elastic carrying element is attached on one side of the wiper strip—the side away from the window |

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

The '698 patent describes a wiper blade comprising, *inter alia*, a wiper strip, which is the rubber element that is pressed against an automobile's windshield to clean the same, and a spring elastic carrying element (support element).  ADM argues that language in the specification and prosecution history discussing the geometry of the carrying element is determinative of the meaning of this claim term, which describes the carrying element as being located on a side of the wiper strip.  (ADM Opening Brief at 6–7.)  ADM's argument relies on language in the specification describing the structure of the carrying element. ("the wiper strip 14 is disposed on the lower band surface of the carrying element," ADM Opening Brief at 6 (quoting Ex. C at 3:38–41)).  But the relevant portion of this term is directed towards where on the wiper strip the carrying element is located, not to the shape of that carrying element.

ADM argues that the prosecution of the application that led to the '698 patent supports its construction.  (ADM Opening Brief at 7.)  However, the amendment cited by ADM pertains to application claim 14, which did not issue.  Indeed, the amendment proposed a new limitation to application claim 14: "said spring-elastic carrying element having a first side and a second side such that the wiper strip is placed at the first side, while at the second side which is opposite to the first a connecting element is placed."  (Ex. M, Sept. 28, 2001 Request for Reconsideration, at BOS_LLC0000240.)  This limitation sets forth a particular structure of the carrying element.  It does not discuss where on the wiper strip that carrying element is placed, which is the subject of the claim limitation in question.  And regardless, issued claim 1 (application claim 15), was a combination of application claims 9 and 12 and never included any similar amendment.  (Ex. M, Applicant's Amendment at BOS_LLC0000325; Notice of Allowability BOS_LLC0000335.)  Thus, neither the plain language of the claim, nor the specification nor the prosecution history supports ADM's proposed construction, which would improperly limit the structure of the wiper strip to a single preferred embodiment.  *See Comark Commc'ns*, 156 F.3d at 1187 (rejecting proposed construction reading a feature of the proposed embodiment into the claims); *see also Acumed*, 483 F.3d at 807–08 (rejecting defendant's proposed construction as "an improper attempt to read a feature of the preferred embodiment into the claims as a limitation").

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 6 -

Finally, ADM provides no support for its redefinition of "disposed on" as "attached on." Since there is no support for such a redefinition, the term "disposed on" should be presented to the jury unchanged or, if definition is necessary, be simply given its conventional definition of "located on." *Astra Aktiebiolag v. Andrx Pharms., Inc.*, 222 F. Supp. 2d 423, 470 (S.D.N.Y. 2002) ("the phrase 'disposed on' as used is used in its conventional patent law sense--that is, to refer to the position or location of an element in a structure"), *aff'd sub nom. In re Omeprazole Patent Litig.*, 84 Fed. Appx. 76, 80 (Fed. Cir. 2003) (non-precedential).

ADM has provided no support for its unnecessarily limiting construction of the phrase "an elongated spring-elastic carrying element disposed on a side of the wiper strip remote from the window." Since the claim term is easily understandable, it can be applied by the jury without construction. *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.

### 2. "said wiper strip having a center section and two end sections"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 1 | No construction is necessary | indefinite |

The phrase "said wiper strip having a center section and two end sections" is clear on its face and is readily understandable. Nonetheless, ADM argues that this term is indefinite because a competitor would be unable to understand what is meant by "center section" and "end sections." (ADM Opening Brief at 11–12.) ADM does not explain why a competitor, let alone a person of ordinary skill in the art, would be incapable of understanding these straightforward terms, but argues that a precise length or area must be defined. (*Id.* at 12.) ADM's requirement of a precise length is unfounded. *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1341 (Fed. Cir. 2003) ("a patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement").[5] ADM has provided no evidence, much less clear and convincing evidence, that one of skill in the art would be unable to understand the phrase

---

[5]     Indeed, courts have had no difficulty understanding similar terms. *E.g.*, *Retractable Techs. v. New Med. Techs.*, No. 4:02-CV-34, 2004 U.S. Dist. LEXIS 3855, at *26–27 (E.D. Tex. Mar. 1, 2004) (using specification to construe "front end portion" as "section of the syringe at the injection end").

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 7 -

"said wiper strip having a center section and two end sections" and its indefiniteness argument must fail. *Wellman*, 2011 U.S. App. LEXIS 8903, at *28.

Indeed, the Examiner and Board of Patent Appeals and Interferences had no difficulty understanding and applying these terms (in the context of application claim 14) during prosecution of '698 patent. (*See* Ex. M, Board of Patent Appeals and Interferences Decision on Appeal at BOS_LLC0000314 ("the plain language of appealed claim 14 merely specifies 'a center section' of the carrying element, which can be any section in the center of the carrying element"); Ex. L, Examiner's Answer at BOS_LLC0000302 ("Note that any 'section' or portion of the carrying element may be selected to meet the claim").)

Since the claim term is easily understandable, it can be applied by the jury without construction. *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004; *Pulse Eng'g*, 2009 U.S. Dist. LEXIS 26885, at *12–18.

**3.  "said contact force of said wiper strip being greater in said center section than in at least one of said two end sections"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|-----------------------------|
| 1 | No construction is necessary. | indefinite |

Again, this phrase is understandable and capable of being applied by a jury without construction. ADM argues that the claim is required to specify both a method of determining the force distribution and a precise mathematical definition of "end section" and "center section." (ADM Opening Brief at 12.) As noted above, precise mathematical definition is unnecessary to avoid a claim being invalid for indefiniteness. *Oakley*, 316 F.3d at 1341. *Honeywell Int'l*, 596 F.3d at 811.

Moreover, the specification provides ample guidance to understand how to determine force distribution. (*See* Ex. B at Figs. 5–7, 4:16–49 (discussing force distribution measurements).) *Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*, 554 F.3d 1010, 1022 (Fed. Cir. 2009) (holding that a claim need not specify a method to measure results to be sufficiently definite when specification provided guidance as to method). ADM has provided no evidence,

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

much less clear and convincing evidence, that one of skill in the art would be unable to understand the phrase "said contact force of said wiper strip being greater in said center section than in at least one of said two end sections" and its indefiniteness argument must fail. *Wellman*, 2011 U.S. App. LEXIS 8903, at *28.

The claim term "said contact force of said wiper strip being greater in said center section than in at least one of said two end sections" is clear on its face—the contact force must be greater in the center section than in at least one of the end sections.  Since the claim term is easily understandable, it can be applied by the jury without construction. *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004; *Pulse Eng'g*, 2009 U.S. Dist. LEXIS 26885, at *12–18.

### 4.    "a spherically curved window"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 1 | a window having at least one radius of curvature | a window with the same radius of curvature at all points in every direction |

ADM bases its construction of "a spherically curved window" on a dictionary definition. (ADM Opening Brief at 8.)  However, ADM's proposed definition ignores the specification, which makes clear that the spherically curved window can have more than one radius of curvature.  (*See* Bosch Opening Brief at 10, citing Ex. B at 1:19–20 ("the curvature radii of spherically curved vehicle windows change with each wiper blade position").)  Indeed, the specification never utilizes a definition of "spherically curved" as having only one radius of curvature.  The patentee's consistent use of the term "spherically curved window" as a window with multiple radii of curvature necessitates rejecting ADM's construction. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005) (en banc) ("the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs."); *Astrazeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1051–52 (Fed. Cir. 2010) ("When a patentee uses a claim term throughout the entire patent specification, in a manner consistent with only a single meaning, he has defined that

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 9 -

1    term 'by implication.'" (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.

2    Cir. 1996))).

3        Since ADM's construction of "a spherically curved window" contradicts the use of the

4    term in the specification, it should be rejected.  By contrast, Bosch's construction is consistent

5    with the intrinsic evidence and, therefore, should be adopted.

6        **5.    "concave curvature that is sharper than the sharpest curvature of a**
         **spherically curved window in a region of a wiping field that can be**
7        **swept across by said wiper blade"**

8

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 1 | concave curvature that is **greater** than the **greatest** curvature of a window having a spherically curved window in a region of a wiping field that can be swept across by the wiper blade | indefinite |

12

13       ADM argues that this limitation is indefinite because it "does not specify a window

14   radius of curvature to use to apply to the claim."  (ADM Opening Brief at 10.)  However, the

15   patentee is not required to exhaustively list dimensions that can be easily obtained.

16   *Orthokinetics, Inc. v. Travel Safety Chairs, Inc.*, 806 F.2d 1565, 1576 (Fed. Cir. 1986).  In

17   *Orthokinetics*, the patent claimed a particular type of chair.  *Id.* at 1568.  The claims contained a

18   limitation "wherein said front leg portion is so dimensioned as to be insertable through the space

19   between the doorframe of an automobile and one of the seats thereof."  *Id.* at 1575.  After a jury

20   trial finding the claims valid and infringed, the district court granted JNOV of invalidity for

21   indefiniteness, accepting the defendant's argument that infringement could not be determined

22   other than by building a model and testing every type of automobile.  *Id.* On appeal, the Federal

23   Circuit rejected this holding, noting "That a particular chair on which the claims read may fit

24   within some automobiles and not others is of no moment.  The phrase 'so dimensioned' is as

25   accurate as the subject matter permits, automobiles being of various sizes."  *Id.* at 1576.  "The

26   patent law does not require that all possible lengths corresponding to the spaces in hundreds of

27   different automobiles be listed in the patent, let alone that they be listed in the claims."  *Id.*  The

28   Federal Circuit therefore reversed the district court's judgment of invalidity.  *Id.* ("As long as

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 10 -

those of ordinary skill in the art realized that the dimensions could be easily obtained, § 112, 2d ¶ requires nothing more.").

The facts here are nearly identical to *Orthokinetics*.   One of skill in the art would understand that the dimensions of a spherically curved window could be easily obtained.   ADM has provided no evidence, much less clear and convincing evidence, that one of skill in the art would be unable to understand the phrase "concave curvature that is sharper than the sharpest curvature of a spherically curved window in a region of a wiping field that can be swept across by said wiper blade" or be unable to obtain the requisite measurements and thus its indefiniteness argument must fail.  *Wellman*, 2011 U.S. App. LEXIS 8903, at *28.   ADM's indefiniteness argument should thus be rejected and the Court should adopt Bosch's construction for the reasons set forth in Bosch's Opening Brief.  (Bosch Opening Brief at 11.)

> **6.** **"a concave curvature in said center section of the carrying element is sharper than in said sections thereof"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | a concave curvature in said center section of the carrying element is **greater** than **at the ends [in the end sections] of the wiper blade** | indefinite |

ADM argues that this phrase is indefinite because center sections and end sections have not been defined with precision.  (ADM Opening Brief at 13–14.)   As discussed above, that argument should be rejected.  (*See* Section I.B.2, *supra*.)

ADM next argues that the phrase "a concave curvature in said center section of the carrying element is sharper than in said sections thereof" is indefinite because "said sections thereof" lacks antecedent basis.  First, as noted in Bosch's Opening Brief, the omission of the word "end" from "said [end] sections thereof" was an inadvertent error and is plain on the face of the patent.  (Bosch Opening Brief at 11–12.)  This Court has the ability to correct errors when there is no reasonable debate and when the correction is not contradicted by the prosecution history.  *Hoffer*, 405 F.3d at 1331 (reversing summary judgment of validity for indefiniteness based on typographical error where "the error was apparent from the face of the patent, and that

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1    view is not contradicted by the prosecution history"); *Shuffle Master,* 2007 WL 4166109, at *10.

2         In any event, it is readily understood that "said sections" refers to the end sections.  Only

3    three sections are defined in the claim: a center section and two end sections.  (Ex. B at 6:13.)

4    Since the center section is being compared with "said sections," it is beyond legitimate dispute

5    that the "said sections" refer to the only other sections in the claim, i.e., the end sections.  If a

6    claim is understandable, it is not indefinite.  *E.g.*, *Cross Med. Prods., Inc. v. Medtronic Sofamor*

7    *Danek, Inc.*, 424 F.3d 1293, 1319 (Fed. Cir. 2005) (affirming summary judgment of no

8    indefiniteness when antecedent basis was implied); *Energizer Holdings, Inc. v. Int'l Trade*

9    *Comm'n*, 435 F.3d 1366, 1371 (Fed. Cir. 2006) (reversing ITC finding of invalidity for

10   indefiniteness despite lack of explicit antecedent basis because basis was present by implication).

11   This phrase is readily understandable and, therefore, is not indefinite.  Indeed, ADM has

12   provided no evidence, much less clear and convincing evidence, that one of skill in the art would

13   be unable to understand the phrase "a concave curvature in said center section of the carrying

14   element is sharper than in said sections thereof" and its indefiniteness argument must fail.

15   *Wellman*, 2011 U.S. App. LEXIS 8903, at *28.

16        Bosch's construction requires that the curvature be greater in the center section that at the

17   ends of the wiper blade.  ADM argues that Bosch's construction should be rejected because it

18   would limit the "section" to a point and because a point cannot have a curvature.  (ADM

19   Opening Brief at 14–15.)  Bosch's construction does not limit the end section to a point but

20   rather to the end, which would include the region around the end.  In the alternative, Bosch

21   suggests that "in the end sections" is a proper and supported construction for the term "in said

22   sections."  (*E.g.*, Ex. B at 4:56–58 (the curvature "is sharper in the center section of the carrying

23   element than at its end sections").)   Because Bosch's construction is supported by the

24   specification and prosecution history (*see* Bosch Opening Brief at 11–12), the Court should

25   adopt it in full.

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

C.   **Claim Terms From The '905 Patent**

1.   **"an upper band surface (11) of the support element (12; 30, 30) has a wind deflection strip (42) disposed on it"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1, 15 | No construction needed.<br><br>The only construction that may be useful is to replace the term "disposed" with "located" to make it easier to understand by the jury. | an upper band surface (11) of the support element (12; 30, 30) has a wind deflection strip (42) along its entire length |

As noted in Bosch's Opening Brief, ADM's construction of the phrase "an upper band surface (11) of the support element (12; 30, 30) has a wind deflection strip (42) disposed on it" attempts to read in a limitation ("along its entire length") from a figure of the patent.  (Bosch Opening Brief at 13.)  In support, ADM relies solely on one figure in the '905 patent.  (*See* ADM Opening Brief at 15–16 (citing the '905 patent (Ex. A), at Fig. 1).)

ADM's construction would limit the claims of the '905 patent to a single embodiment, one with a wind deflection strip across the entire length of the support element.  "Claims of a patent may only be limited to a preferred embodiment by the express declaration of the patentee, and there is no such declaration here."  *Playtex*, 400 F.3d at 908.  Limiting the claims to an embodiment disclosed in the figures is no more proper than limiting it to an embodiment in the written description.  *Id.* at 907 (rejecting district court's claim construction because "By its reliance on the figures, the district court improperly limited claim 1 to a preferred embodiment").  *See also MBO Labs*., 474 F.3d at 1333–34 ("The patent figures all depict the flange connected mainly to the outside, but patent coverage is not necessarily limited to inventions that look like the ones in the figures. To hold otherwise would be to import limitations onto the claim from the specification, which is fraught with 'danger.' Limiting claims from the specification is generally not permitted absent a clear disclosure that the patentee intended the claims to be limited as shown.") (internal citations omitted); *Acumed*, 483 F.3d at 807–08 (rejecting defendant's proposed construction as "an improper attempt to read a feature of the preferred embodiment into

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 13 -

the claims as a limitation").   Moreover, the specification explicitly contemplates a wind deflection strip that is limited to only one section of the support element.  (Bosch Opening Brief at 13 (citing Ex. A at 6:51–54).)

Aside from attempting to improperly read in a limitation from a single patent figure, ADM does not dispute that the claim term is readily understandable and can be applied by the jury without construction.  *U.S. Surgical Corp. v. Ethicon, Inc*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) (claim construction "is not an obligatory exercise in redundancy").  Since the claim term is easily understandable, it can be applied by the jury without construction.  *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.

> **2.**   **"wherein the two diverging legs are connected to each other at a common base"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 1, 15 | no construction needed | wherein the two diverging legs throughout their lengths meet at a shared point |

ADM's construction of the phrase "wherein the two diverging legs are connected to each other at a common base" adds two limitations that find no support in the specification— "throughout their lengths" and "meet at a shared point."  ADM points to column 4, lines 51–54 of the '905 patent to support reading "throughout their lengths" into the claim term.  (ADM Opening Brief at 17.)  But that section is describing an embodiment claimed in dependent claim 2.  (*See* Ex. A at 7:20–22.)  Indeed, the language of the cited portion of the specification and the language in dependent claim 2 are nearly identical.  Since ADM's construction would render claim 2 redundant, it should be rejected.  *Broadcom Corp. v. Int'l Trade Comm'n*, 542 F.3d 894, 906–07 (Fed. Cir. 2008) ("Qualcomm's argument that the PLL control signal must change during operation to reflect changes in a characteristic of the PLL would make claim 37 redundant, a consequence that renders the argument suspect."); *SunRace Roots Enter. Co., Ltd. v. SRAM Corp.*, 336 F.3d 1298, 1302–03 (Fed. Cir. 2003) ("'While we recognize that the doctrine of claim differentiation is not a hard and fast rule of construction, it does create a presumption that each claim in a patent has a different scope.' That presumption is especially strong when the

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

limitation in dispute is the only meaningful difference between an independent and dependent claim, and one party is urging that the limitation in the dependent claim should be read into the independent claim." (internal citations omitted)).

ADM's second limitation ("meet at a shared point") also finds no support in the intrinsic evidence.  Indeed, the portions of the specification cited by ADM undermine its argument. Figures 2 and 3, cited by ADM (ADM Opening Brief at 17), show the common base 48 as a region, not a point.  Moreover, claim 1 requires a hollow space that expands "from an upper narrowest **point of the base**."  (Ex. A at 7:5–14 (emphasis added).)   Reading ADM's construction in concert with the remainder of claim 1 would in effect change the relevant claim language to require a hollow space that expands from the "upper narrowest **point of the point**," which is nonsensical.  *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1255 (Fed. Cir. 2010) ("A claim construction that renders asserted claims facially nonsensical 'cannot be correct.'" (quoting *Schoenhaus v. Genesco, Inc.*, 440 F.3d 1354, 1357 (Fed. Cir. 2006))).  ADM's proposed construction finds no support and must be rejected.

Since the claim term "wherein the two diverging legs are connected to each other at a common base" is readily understood, it can be applied by the jury without construction.  *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.

### 3. "the legs (44, 46) form therebetween an angular hollow space that expands from an upper narrowest point of the base downwardly to the upper band surface of the support element"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | no construction needed | the legs (44, 46) throughout their length have an angular unfilled area that expands from an upper narrowest point of the base downwardly to the upper band surface of the support element |

ADM's proposed construction of the phrase "the legs (44, 46) form therebetween an angular hollow space that expands from an upper narrowest point of the base downwardly to the upper band surface of the support element" as requiring "the legs (44, 46) throughout their length

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

have an angular unfilled area that expands from an upper narrowest point of the base downwardly to the upper band surface of the support element" again reads in a limitation ("throughout their length") from dependent claim 2 into claim 1.  Specifically, in attempt to support its addition of "throughout their length" to the claim language, ADM again cites a portion of the specification (column 4, lines 51–54 of the '905 patent) that, as discussed above, describes a preferred embodiment claimed in dependent claim 2.  ADM's construction would thus render claim 2 redundant and should be rejected.  *Broadcom*, 542 F.3d at 906–07; *SunRace Roots*, 336 F.3d at 1302–03.

Further, ADM advances no reason to redefine "hollow" as "unfilled."  Indeed, ADM's brief uses the words interchangeably.  (ADM Opening Brief at 18 ("the two legs . . . have a hollow or unfilled space between them").)  *U.S. Surgical Corp.*, 103 F.3d at 1568 (claim construction "is not an obligatory exercise in redundancy").  The phrase is clear on its face—there is a hollow space between the two diverging legs.  Since the claim term is easily understandable, it can be applied by the jury without construction.  *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.

### 4. "said legs contacting the upper band surface at a location laterally spaced from said rubber-elastic wiper strip"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | no construction needed | said legs throughout their length contact the upper band surface at a location laterally spaced form [*sic*] said rubber-elastic wiper strip |

ADM argues that the prosecution history compels its proposed construction that adds the limitation "throughout their length" to the claim language.  (ADM Opening Brief at 19–20.)  In support, ADM cites to an amendment from the prosecution history of the '905 patent.[6]  However, neither the cited amendment nor any portion of the prosecution history supports ADM's proposed constructions.  Indeed, nowhere in the prosecution history is there mention that the legs

---

[6]     The amendment cited distinguished application claim 21 over U.S. Publication No. 2003/0014828, which in fact is not prior art to the '905 patent.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

make contact at a location laterally spaced from the wiper strip "throughout their length."[7] Further, ADM again cites to column 4, lines 51–54 of the '905 patent, which, as noted above, describes a preferred embodiment claimed in dependent claim 2 and, thus, would improperly render claim 2 redundant.  *See Broadcom*, 542 F.3d at 906–07; *SunRace Roots*, 336 F.3d at 1302–03.  Accordingly, ADM's construction finds no support in the specification or prosecution history and should be rejected.

Aside from incorporating an unsupported limitation, ADM does not argue that the phrase should be given a meaning different from its ordinary, plain meaning.  Since there is no support for ADM's importing the requirement that "said legs throughout their length contact the upper band surface at a location laterally spaced from said rubber-elastic wiper strip," and since the claim term is easily understandable and can be applied by the jury without construction, the Court should decline to construe this term.  *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.

**5.**     **"the two legs (44, 48) of the wind deflection strip (142 or 242) are connected to each other by means of a wall (144 or 244) in the vicinity of the two wiper blade ends"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|-----------------------------|
| 3 | no construction needed | indefinite |

ADM argues that this term is indefinite because it "requires that a single wall exist simultaneously at *two* ends of the wind deflection strip."  (ADM Opening Brief at 20.)  Again, ADM is incorrect.  Claim 3 of the '905 patent depends from claim 1 which uses the transitional phrase "comprising," making it an open-ended claim.  (*See* Ex. A at 7:23, 6:58 ("a wiper blade for cleaning windows, comprising").)  The word "a" in an open-ended patent claim, such as in "**a** wall" here,  should be interpreted as "one or more."  *E.g.*, *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342–43 (Fed. Cir. 2008) ("this court has repeatedly emphasized that an

---

[7]     Furthermore, despite ADM's assertion to the contrary, the amendment was also not the only reason the patent issued.  Ex. N, Examiner's Amendment at BOS_LLC0000682 ("Such limitation, combined with the other structural relationships set forth in claim 21, appears to define the wiper blade over the prior art.").

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 17 -

indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.' That 'a' or 'an' can mean 'one or more' is best described as a rule, rather than merely as a presumption or even a convention."(internal citations omitted)); *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 977 (Fed. Cir. 1999) ("our cases emphasize that 'a' or 'an' can mean 'one' or 'more than one'").

The meaning of this claim term is clear—the legs are connected to a separate wall near each of the wiper blade ends. Since ADM's indefiniteness argument is premised solely on its misunderstanding of the word "a," the Court should reject ADM's construction.[8] Indeed, ADM has provided no evidence, much less clear and convincing evidence, that one of skill in the art would be unable to understand the phrase "the two legs of the wind deflection strip are connected to each other by means of a wall in the vicinity of the two wiper blade ends" and its indefiniteness argument must fail. *Wellman*, 2011 U.S. App. LEXIS 8903, at *28.

Since the claim term is readily understandable, it can be applied by the jury without construction. *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004; *Pulse Eng'g*, 2009 U.S. Dist. LEXIS 26885, at *12–18.

**6.    "the wall (144) is aligned essentially perpendicular to the support element"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 4 | no construction needed | indefinite |

---

[8]     ADM's citation to *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004), is inapposite. There, the Federal Circuit held that the phrase that required "heating . . . dough . . . in the range of about 400°F to 850°F" was able to be construed, even though the result was a process that ruined the dough. *Id.* Here, a proper understanding of "a" makes the phrase "the wall (144) is aligned essentially perpendicular to the support element" amenable to construction. *Honeywell Int'l*, 596 F.3d at 811. *Chef America* prohibits replacing claim terms, not interpreting the claims in view of the specification. *Wellman,* 2011 U.S. App. LEXIS 8903, at *30 ("Unlike in *Chef America*, however, construing the claim to require testing on an 'amorphous PET material' does not replace any claim term with a different term, but instead interprets the claimed DSC measuring technique in light of the specifications, which clearly, repeatedly, and unambiguously state that such tests should be performed on amorphous PET material.").

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 18 -

1   ADM, relying on its erroneous argument that "a wall" means exactly one wall, argues

2   that either this term requires a single wall, in which case the preceding term is indefinite, or this

3   term allows multiple walls and is indefinite because it is unclear to which wall the term refers.

4   (ADM Opening Brief at 21–22.)  Again, the Federal Circuit has held otherwise.  *Free Motion*

5   *Fitness, Inc. v. Cybex Int'l, Inc.*, 423 F.3d 1343, 1350–51 (Fed. Cir. 2005) ("We also reject

6   Cybex's argument that use of the word 'the' in connection with the word 'cable' later in the

7   claim shows that the earlier reference to 'a' denotes singularity.  Like the words 'a' and 'an,' the

8   word 'the' is afforded the same presumptive meaning of 'one or more' when used with the

9   transitional phrase 'comprising.'").  Again, ADM has provided no evidence, much less clear and

10   convincing evidence, that one of skill in the art would be unable to understand the phrase "the

11   wall is aligned essentially perpendicular to the support element" and its indefiniteness argument

12   must therefore fail.  *Wellman*, 2011 U.S. App. LEXIS 8903, at *28.

13   Since "the" in this context means "one or more," the phrase "the wall (144) is aligned

14   essentially perpendicular to the support element" is readily understandable—one or more walls

15   are aligned essentially perpendicular to the support element—and it can be applied by the jury

16   without construction.  *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004;

17   *Pulse Eng'g*, 2009 U.S. Dist. LEXIS 26885, at *12–18.

18   **7.   "claw-like projections (56, 58)"**

19
| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|-----------------------------|
| 8, 15 | no construction needed | rounded projections shaped like a claw, as shown by part numbers 56 and 58 in Figures 2 and 3 |

23   ADM argues that because reference numerals were included in the claim language for the

24   term "claw-like projections," the patentee intended to limit the scope of the claims to the

25   embodiment disclosed in the figures.  (ADM Opening Brief at 22–23.)  Tellingly, ADM cites no

26   support for this interpretation, which contradicts the Patent Office's procedures and the case law.

27   *See* MPEP § 608.01 ("The use of reference characters is to be considered as having no effect on

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 19 -

the scope of the claims.").) *See also Ex Parte Fressola*, 27 U.S.P.Q.2d at 1613 (noting that reference characters have no effect on claim scope).

ADM does not hide its motivation for seeking to read in this limitation from the figures; it seeks to set up a non-infringement position for use at trial. (ADM Opening Brief at 23 ("Bosch has accused wiper blade products that do **not** have this claimed shape") (emphasis in original).) Reference to the accused products in claim construction is improper. *SRI In'tl*, 775 F.2d at 1118 ("It is only *after* the claims have been *construed without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement.").

Further, as explained above, it is improper to read limitations from the figures into the claims. *MBO Labs.*, 474 F.3d at 1333–34 ("patent coverage is not necessarily limited to inventions that look like the ones in the figures. To hold otherwise would be to import limitations onto the claim from the specification, which is fraught with 'danger.' Limiting claims from the specification is generally not permitted absent a clear disclosure that the patentee intended the claims to be limited as shown." (internal citations omitted)). ADM has shown no clear disclosure that the claims were intended to be limited to the figures, and thus its construction must be rejected.

Since the claim term "claw-like projections" is easily understandable, it can be applied by the jury without construction. *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.

**8.** **"wherein a hardness of the material for the wind deflection strip (42) is at most 40 percent greater than the hardness of the material for the wiper strip"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|----------------------------|
| 11 | no construction needed | indefinite |

The phrase "wherein a hardness of the material for the wind deflection strip (42) is at most 40 percent greater than the hardness of the material for the wiper strip" is readily understandable. However, ADM argues that this term is indefinite because multiple methods of

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 20 -

determining hardness exist.  (ADM Opening Brief at 23–24.)  The Federal Circuit, though, has held that claims are not indefinite where multiple methods exist of measuring a parameter, but only one is disclosed in the specification.  *Kinetic Concepts*, 554 F.3d at 1022 (holding claim not indefinite "where, as here, several methods for calculating reduction in bacterial density are available but the specification discloses one particular method.").  *See also Wellman*, 2011 U.S. App. LEXIS 8903, at *32 (reversing summary judgment of indefiniteness where one of skill in the art would consult industry standards and noting "an inventor need not explain every detail because a patent is read by those of skill in the art" and "Well known industry standards need not be repeated in a patent").  The specification of the '905 patent discloses a method for measuring hardness, namely, Shore hardness.  (*See* Ex. A at 6:21–31.)  Accordingly, ADM's claim that the phrase is indefinite is wrong as a matter of law.

Since the term "hardness" is easily understandable, it can be applied by the jury without construction.  *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004; *Pulse Eng'g*, 2009 U.S. Dist. LEXIS 26885, at *12–18.

**9.    "the claw-like projections extend from the leg ends (50, 52) into a vicinity of a wall (154 or 254), and suitably encompass end regions (112) of the support element"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|-----------------------------|
| 15 | "end regions of the support element" means regions near the end of the support element<br><br>no construction is needed for any additional terms in this phrase | area around and including the end<br><br>the claw-like projections extend from the leg ends (50, 52) into an area near a wall (154 or 254), and the claw-like projections extend from the leg ends (50, 52) beyond the sides so as to surround and enclose the end regions (112) of the support element |

By limiting "end regions" to "area around and including the end," (ADM Opening Brief at 26), ADM seeks to add a limitation with no support in the specification into the claim.  ADM argues that Bosch's construction, that "end regions of the support element" means the "regions near the end of the support element," would remove the actual end from the definition of wiper

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

strip.  *Id.*  However, the very figure ADM cites in support of its position does not show the end region 112 as including the very end.  (*See* Ex. A at Figure 7.)  Indeed, as ADM acknowledges, Figure 7 shows the ends of the support element enclosed by separate claw like projections extending from the *walls* and not the claw-like projections that extend from the leg ends.  (ADM Opening Brief at 25 (quoting Ex. A at 5:28–31; 5:64–6:4).)

Since there is no support for ADM's limiting construction of "end regions," the Court should reject it and adopt Bosch's construction, which is supported by the intrinsic evidence. (*See* Ex. A at Figs. 6, 7; 5:44–49.)

As stated in Bosch's Opening Brief, the remaining terms of the phrase "the claw-like projections extend from the leg ends (50, 52) into a vicinity of a wall (154 or 254), and suitably encompass end regions (112) of the support element" are clear on their face and can be properly applied by a jury.

By contrast, ADM's proposed construction of such terms improperly introduces a missing antecedent issue with regard to "the sides."  (Bosch Opening Brief at 20.)  *Becton, Dickinson & Co.*, 616 F.3d at 1255 ("A claim construction that renders asserted claims facially nonsensical 'cannot be correct.'").  The word "sides" appears nowhere in claim 15 of the '905 patent.  ADM's brief does not explain what the "sides" are.  (ADM Opening Brief at 24–26.)

Further, the intrinsic evidence of the '905 patent does not support ADM's redefinition of "suitably encompass" as "surround and enclose."  Accordingly, ADM resorts to a dictionary definition.  (ADM Opening Brief at 26.) However, ADM does not attempt to include the term "suitably" in its construction, reading the term completely out of the claim.  *Id.*  There is no support for such selective deletion. *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1013 (Fed. Cir. 2006) (rejecting accused infringer's proposed construction because "We also think the district court was correct when it stated that interpreting the claimed seal as being a seal that does not allow any air to leak through would render the term 'substantially' illusory").  Moreover, as noted in Bosch's Opening Brief, the specification and figures contain ample evidence of embodiments that are not "surrounded and enclosed."  (Bosch Opening Brief at 20 (citing Ex. A at Fig. 4).)  *Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 848 (Fed. Cir.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 22 -

2006) ("While we are mindful that we cannot import limitations from the preferred embodiments into the claim, we also should not normally interpret a claim term to exclude a preferred embodiment. Interpreting 'engaging' to mean 'interlocking' would exclude the embodiment shown in the figure and is not consistent with the rest of the specification . . . ." (internal citation omitted)). Since ADM's construction finds no support in the intrinsic evidence, it should be rejected.

## II.   CONCLUSION

For the reasons stated above and in Bosch's Opening Brief, Bosch respectfully requests that the Court adopt its constructions where offered and decline to adopt ADM's proposed constructions.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 23 -

1    Dated this 6th day of May, 2011.

2                                          By:  /s/ Jennifer L. Braster
                                               Cam Ferenbach
3                                              Nevada Bar No. 96
                                               Jennifer L. Braster
4                                              Nevada Bar No. 9982
5                                              LIONEL SAWYER & COLLINS
                                               1700 Bank of America Plaza
6                                              300 South Fourth Street
                                               Las Vegas, Nevada 89101
7                                              (702) 383-8888

8                                              Mark A. Hannemann
9                                              Jeffrey S. Ginsberg
                                               Richard M. Cowell
10                                             KENYON & KENYON LLP
                                               One Broadway
11                                             New York, NY 10004
                                               (212) 425-7200
12
13                                         *Attorneys for Robert Bosch, LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

- 24 -

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lionel Sawyer & Collins, and that on this 6th day of May, 2011, I caused to be served a true and correct copy of the foregoing **PLAINTIFF ROBERT BOSCH LLC'S RESPONSIVE CLAIM CONSTRUCTION BRIEF** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Fed. R. Civ. P. 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the party listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Michael D Rounds                Russell E. Levine
Watson Rounds, PC               Craig Leavell
5371 Kietzke Lane               Bryce Budin
Reno, NV 89511                  Matthew Shiels
                                Kirkland & Ellis LLP
                                300 North LaSalle Street, 26th Floor
                                Chicago, IL 60654


                                       /s/  Jennifer L. Braster
                                LIONEL SAWYER & COLLINS

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888