Michael D. Rounds, Nevada Bar No. 4734
Adam K. Yowell, Nevada Bar No. 11748
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada  89511-2083
Telephone:  (775) 324-4100
Facsimile:  (775) 333-8171
E-Mail:  mrounds@watsonrounds.com
E-Mail:  ayowell@watsonrounds.com

Russell E. Levine, P.C., *pro hac vice*
Craig D. Leavell, *pro hac vice*
Matthew J. Shiels, *pro hac vice*
Bryce A. Budin, *pro hac vice*
KIRKLAND & ELLIS LLP
300 North LaSalle Drive
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
E-Mail:  russell.levine@kirkland.com
E-Mail:  craig.leavell@kirkland.com
E-mail:  matthew.shiels@kirkland.com
E-mail:  bryce.budin@kirkland.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT BOSCH LLC,<br><br>             Plaintiff,<br><br>       vs.<br><br>ADM 21 CO. LTD.; ADM USA; and ADM NORTH AMERICA,<br><br>             Defendants. | Civil Action No. 2:10-CV-1930-LRH-(LRL) |

**DEFENDANTS' UNOPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**FROM PLAINTIFF ROBERT BOSCH LLC**

I.     INTRODUCTION

ADM has requested from Bosch agreements relating to its beam-type wiper blade patents, and the files of negotiations associated with such agreements.  But Bosch will not produce all of these documents despite their relevance to this case, claiming its third-party confidentiality obligations require a Court order to produce the documents.  ADM now requests this Court order production of these agreements and related documents withheld on the basis of Bosch's third-party confidentiality obligations.  Bosch has communicated to ADM it does not oppose this motion and does not intend to file an opposition.

Pursuant to Federal Rule 37 and LR 26-7(b), ADM attempted to resolve these issues through a meet and confer process.  Declaration of M. Shiels.  Bosch refuses to produce certain agreements and related documents, such as the negotiation correspondence and draft agreements (collectively, "Settlement Documents"), into which it has entered to settle at least one other beam-type wiper blade litigation.  Ex. 1, 6/1/11 Letter from Shiels to Cowell regarding Settlement Documents.[1]  In particular, Bosch claims the documents relating to Bosch's agreement with Transbec cannot be produced because Bosch does not have Transbec's permission.  Ex. 2, 6/2/11 Letter from Cowell to Shiels Regarding Settlement Documents.  Bosch will not produce the Settlement Documents even after ADM has cited case law contrary to Bosch's position.  Ex. 3, 6/3/11 Letter from Shiels to Cowell Regarding Settlement Documents.  On June 7, Matthew Shiels, attorney for ADM, participated in a telephonic meet and confer with Richard Cowell, attorney for Bosch, in which Mr. Cowell stated that, absent an order from this Court, Bosch would not produce the Settlement Documents that Bosch says are subject to third-party confidentiality obligations.  Ex. 5, 6/7/11 Letter from Shiels to Cowell Regarding Discovery Issues.  On August 30, in a telephonic meet and confer

---

[1]  All citations to exhibits (e.g., "Ex. 1," "Ex. 2," etc.) herein refer to the exhibits to the Declaration of Matthew Shiels in support of this motion.

- 1 -

Mr. Shiels confirmed with Jeffrey Ginsberg, counsel for Bosch, that Bosch maintained its objection to producing the Settlement Documents, but would not oppose this motion to compel. Bosch confirmed this position during a September 6 telephonic meet and confer, as well.

## II. ARGUMENT

Bosch will not produce certain of the Settlement Documents that ADM has requested.[2] For example, ADM particularly seeks these documents from *Robert Bosch LLC v. Transbec*, Case No. 10-cv-1933-RLH-PAL. These documents are responsive to ADM's Document Request Nos. 15, 46, 47, and 48.[3] Ex. 1, 6/1/11 Letter from Shiels to Cowell regarding Settlement Documents. Bosch, citing no case law for its position, wrongly asserts that it cannot produce to ADM the Transbec agreement because it lacks permission from Transbec. Ex. 2, 6/2/11 Letter from Cowell to Shiels Regarding Settlement Documents. Because the Settlement Documents are relevant, and there is a Stipulated Protective Order in place, Bosch's third-party confidentiality obligations should not bar production of these documents.

The Settlement Documents are relevant to the calculation of a reasonable royalty. *ResQNet.com, Inc. v Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) (remanding on issue of damages and noting "the most reliable license in this record arose out of litigation" rather than

---

[2] Bosch has produced some Settlement Documents in response to ADM's requests. ADM seeks an order from this Court compelling the Settlement Documents Bosch has withheld, or will withhold, based on Bosch's third-party confidentiality obligations. At this time, Bosch has represented that this includes only documents relating to the Transbec agreement. However, so as to avoid the need for future, piece-meal motion practice, ADM respectfully requests an Order compelling Bosch to produce all such Settlement Documents, including but not limited to those involving Transbec.

[3] At issue here are Requests Nos. 15 and 48.

Request No. 15 reads: All documents and things referring or relating to any proposed or actual agreements to obtain from, or provide to a third party, an assignment, license, sublicense, or covenant not to sue for products allegedly within the scope of any claim of the Patents-in-suit, or any patent in the same family as any Patent-in-suit, or any corresponding foreign patents or applications.

Request No. 48 reads: All documents and things referring to or relating to any proposed or actual settlement agreements, including any drafts or communications, from Robert Bosch LLC v. Transbec, District of Nevada, Dkt. No. 10-CV-1933-RLH-PAL.

- 2 -

hypothetical negotiations). The Settlement Documents also are relevant, "at a minimum," to damages calculations. *C&C Jewelry Mfg, Inc. v. West*, No 09-1303, 2010 WL 3943672, at *2 (N.D. Cal. Oct. 7, 2010) (citation omitted).

The Settlement Documents are also relevant for other purposes, such as determining the extent of infringement liability or patent validity, forming a litigation strategy, or understanding a third party's reasoning in accepting a license. *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 3241432, at *5 (D. Kan. July 29, 2011) ("Though it may be true, . . . that the licensing correspondence would be inadmissible to calculate a reasonable royalty, the discovery of the correspondence is nonetheless relevant, for other purposes, to the claims or defenses of the parties.") (internal citation omitted). The Settlement Documents are also relevant for determining whether an injunction is appropriate. Bosch does not dispute these documents are relevant, but will not produce them.

Bosch's refusal to produce the Settlement Documents also is in direct contravention with other decisions in the Ninth Circuit. *See, e.g.*, *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582-583 (N.D. Cal 2008) (finding licensing or settlement negotiations, along with the parties' final positions, relevant and discoverable); *Bd. of Trs. Leland Stanford Jr. Univ. v. Tyco Int'l Co.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (noting "the simple fact that the parties to the settlement agreement agreed to its confidentiality 'does not shield it from discovery.' . . . This is especially true, here, where 'there is a Confidentiality Order in place' . . . .") (citations omitted). There is no federal privilege shielding discovery of settlement agreements and related documents. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Mediatek, Inc.*, No. 05-3148, 2007 WL 963975, *3 (N.D. Cal. Mar. 30, 2007)). Bosch should produce the Settlement Documents it is withholding on the basis of Bosch's third-party confidentiality obligations, including but not limited to, those from the Transbec settlement.

- 4 -

### III.   CONCLUSION

ADM requests this Court order Bosch to produce all agreements and related documents, such as the negotiation correspondence and draft agreements, into which Bosch has entered to settle any other beam-type wiper blade litigation, including but not limited to, its litigation with Transbec.

|  |  |
|---|---|
| DATED:  September 8, 2011 | By: */s/ Craig D. Leavell*_____ |
|  | Michael D. Rounds, Nevada Bar No. 4734 |
|  | Adam K. Yowell, Nevada Bar No. 11748 |
|  | WATSON ROUNDS |
|  | 5371 Kietzke Lane |
|  | Reno, Nevada  89511-2083 |
|  | Telephone:  (775) 324-4100 |
|  | Facsimile:   (775) 333-8171 |
|  | E-Mail:   mrounds@watsonrounds.com |
|  | E-Mail:   ayowell@watsonrounds.com |
|  |  |
|  | Russell E. Levine, P.C., *pro hac vice* |
|  | Craig D. Leavell, *pro hac vice* |
|  | Matthew J. Shiels, *pro hac vice* |
|  | Bryce A. Budin, *pro hac vice* |
|  | KIRKLAND & ELLIS LLP |
|  | 300 North LaSalle Drive |
|  | Chicago, Illinois  60654 |
|  | Telephone: (312) 862-2000 |
|  | Facsimile:  (312) 862-2200 |
|  | E-Mail:  russell.levine@kirkland.com |
|  | E-Mail:  craig.leavell@kirkland.com |
|  | E-mail:  matthew.shiels@kirkland.com |
|  | E-mail:  bryce.budin@kirkland.com |
|  |  |
|  | *Attorneys for Defendants.* |

IT IS SO ORDERED.

*[signature]*

_____
UNITED STATES MAGISTRATE JUDGE
DATED:  9-12-11

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on September 8, 2011, I caused the foregoing **DEFENDANTS' UNOPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM PLAINTIFF ROBERT BOSCH LLC** with the Clerk of the Court for the United States District Court for the District of Nevada using the ECF System, which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

>Jennifer L. Braster, Richard M. Cowell, Jeffrey S. Ginsberg, Mark Hannemann, Robert W. Hernquist, Michael J. Lennon, Todd M. Touton

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:

>None.

By: */s/ Craig D. Leavell*
    Craig D. Leavell