Todd M. Touton
Nevada Bar No. 1744
Marla DaVee
Nevada Bar No. 11098
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888 (Telephone)
(702) 383-8845 (Fax)

Mark A. Hannemann, *admitted pro hac vice*
Jeffrey S. Ginsberg, *admitted pro hac vice*
Richard M. Cowell, *admitted pro hac vice*
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (Telephone)

*Attorneys for plaintiff Robert Bosch LLC*
*and third parties Jeffrey S. Ginsberg and R. Scott Roe*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BOSCH LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADM 21 CO., LTD.; ADM USA; and<br>ADM NORTH AMERICA,<br><br>                    Defendants. | Case No.  2:10-cv-01930-RLH-RJJ<br><br>**MOTION FOR PROTECTIVE ORDER BARRING ATTORNEY DEPOSITIONS** |

The three ADM defendants (collectively, "ADM") have served subpoenas demanding the depositions of two Bosch lawyers, Jeffrey Ginsberg and Scott Roe.[1]  Mr. Ginsberg is a member of the Kenyon & Kenyon LLP law firm, trial counsel to plaintiff Bosch in this litigation.  Mr. Roe, though now associated with another law firm and no longer representing Bosch, was formerly associated with Kenyon & Kenyon.  Because there is no appropriate justification for

---

[1] The subpoenas are attached together as Exhibit 1 to the Cowell declaration submitted in support of this motion.

1   ADM's proposed depositions of opposing counsel, plaintiff Bosch, Mr. Ginsberg, and Mr. Roe

2   all request the Court to enter a protective order barring the proposed depositions.

3   **I.    FACTUAL BACKGROUND**

4        If ADM has a good-faith, legitimate purpose for the proposed depositions,[2] it is related to

5   ADM's attendance at the 2010 AAPEX trade show in Las Vegas.  As described in, for example,

6   the parties' briefing on ADM's failed motion to dismiss for lack of personal jurisdiction (*see,*

7   *e.g.*, D.I. 20, 21, 25, 34, 46–48, and 50), which the Court denied on several bases (*see* D.I. 58),

8   ADM admits that it attended the 2010 AAPEX show, but denies that it displayed any of its

9   infringing products at the show.  (However, ADM has not, so far, denied that other infringers—

10  ADM customers—showed infringing ADM products at the 2010 trade show, nor has ADM

11  denied that both it and its customers showed infringing products at the just-concluded 2011

12  AAPEX show.)

13       ADM served an interrogatory that asked Bosch to "identify all factual bases for Bosch's

14  belief that such defendant performed within Nevada any act of infringement . . ." (the

15  interrogatory and Bosch's most recent supplemental response are attached as Exhibit 2 to the

16  Cowell declaration submitted in support of this motion).  In response, Bosch stated, in part,

17  "Representatives from the defendants, including at least Aisha Kim, Amy Park, Leonardo

18  Scuderi, Andrew Shin, Alex Koh, and In Kyu Kum [*sic*, Kim], attended the November 2010

19  AAPEX tradeshow in Las Vegas, Nevada, and, for the purpose of soliciting commercial business

20  from U.S. customers, defendants displayed and promoted infringing wiper blade models, that

21  were imported into the U.S., at the ADM21 booth."[3]

22

23       [2] *Cf. generally, e.g., Shelton v. American Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir.
1986) ("The harassing practice of deposing opposing counsel (unless that counsel's testimony is
24  crucial and unique) appears to be an adversary trial tactic that does nothing for the administration
of justice but rather prolongs and increases the costs of litigation, demeans the profession, and
25  constitutes an abuse of the discovery process"); *Johnson v. Couturier*, 261 F.R.D. 188, 193 (E.D.
Cal. 2009) (noting the possibility that an opposing party's motion to disqualify "would soon be
26  forthcoming" if an attorney deposition were permitted).

27       [3] ADM apparently intends to contend that it is subject to personal jurisdiction in this
Court only if it committed an act of infringement in this District.  Bosch disagrees (an act of
28  infringement in the District is not necessary, so long as the Nevada-minimum-contacts test is
met, or the national minimum-contacts test, etc., if Rule 4(k)(2) is invoked), but that dispute is

1    ADM's interrogatory also asked Bosch to identify documents that support its belief that

2    ADM performed an act of infringement in Nevada, and to "identify each individual with

3    personal knowledge of such facts."  In addition to the six ADM representatives listed above,

4    Bosch identified Mr. Ginsberg and Mr. Roe, who had both visited ADM's booth at the show, as

5    well as an employee of a third party company.

6    On November 4, 2011, in correspondence with ADM following ADM's service of its

7    subpoenas on Mr. Ginsberg and Mr. Roe, Bosch specifically noted that although Mr. Ginsberg

8    and Mr. Roe do have personal knowledge of ADM's activities at the 2010 show, neither would

9    be a witness in this matter ("Your interrogatory did not ask for the identity of witnesses on whom

10   Bosch will rely to establish the facts described in the interrogatory response; if it had, neither Mr.

11   Ginsberg nor Mr. Roe would have been identified, for Bosch will not rely on their testimony,"

12   Cowell declaration Ex. 5; the two previous letters in the chain are Ex. 3 and 4).

13   Before filing this motion, and in accordance with Fed. R. Civ.  P. 26(c)(1), Bosch counsel

14   (Mark Hannemann) conferred with ADM counsel (Matthew Shiels) by telephone on November

15   7, 2011.  ADM's counsel indicated that ADM would not respond to Bosch's November 4 letter,

16   would not provide any further explanation or justification for the proposed depositions of

17   Bosch's lawyers, and expected that Mr. Ginsberg and Mr. Roe would appear for deposition on

18   November 9 (absent an agreement to appear at a later time).  Bosch, Mr. Ginsberg, and Mr. Roe

19   therefore seek a protective order barring the proposed depositions.[4]

20   **II.    ARGUMENT**

21   "The harassing practice of deposing opposing counsel" is disfavored, because it "does

22   nothing for the administration of justice but rather prolongs and increases the costs of litigation,

23   demeans the profession, and constitutes an abuse of the discovery process." *Shelton v. American*

24

25

---

26   not relevant to this discovery motion.  Nor is it necessary on this motion to determine whether the display of ADM's products at its customers' booths at the 2010 AAPEX show, or its customers' or ADM's own activities at the just-concluded 2011 AAPEX show, were acts of infringement—though Bosch expects to contend they were.

27

28   [4] ADM has also served subpoenas duces tecum seeking documents from Mr. Gisnberg, Mr. Roe, and Kenyon & Kenyon LLP.  Discussions between the parties related to those

*Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986). "The Supreme Court of the United States alluded to a presumption that trial counsel should not be forced to testify because doing so compromises the standard of the legal profession." *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. 04-0240, 2004 U.S. Dist. LEXIS 26974, at *5 (N.D. Cal. Nov. 15, 2004), *citing Hickman v. Taylor*, 329 U.S. 495, 513 (1947).

> Such depositions are permitted
>
> > only in limited situations where the party seeking the deposition can show: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Nocal*, 2004 U.S. Dist. LEXIS 26974, at *6 (citations and internal quotation marks omitted), *citing, e.g., Shelton*, 805 F.2d at 1327–28.   Because ADM has not made this showing, a protective order should be entered.

First, ADM's own employees are themselves well aware of what they themselves did or did not do at the 2010 AAPEX show, and of the structure of the products they did or did not bring to Las Vegas.   Unless ADM is prepared to accept Bosch's lawyers' testimony or contemporaneous notes over its own employees' word, ADM has no unique need of Bosch's counsel testimony to determine what its employees did, or the structure of the products they showed.   Moreover, the third party individual Bosch identified, like many other show attendees other than Bosch's counsel, also visited ADM's booth during the 2010 show.   (While discovery of ADM is ongoing, ADM presumably has business cards, contact reports, and other documents, none yet produced, reflecting the identity of the many visitors to its booth at the show, and the products in which they expressed interest—as well as, for example, copies of the ADM catalog distributed at the show, describing the infringing ADM products.)

Second, the subject on which ADM seeks testimony—Bosch's counsel's mental impressions of their observations of ADM's activities at the 2010 AAPEX show—is

---

subpoenas continue, and a motion for a protective order with respect to them is thus not yet necessary.

undiscoverable work product. *See, e.g., Shelton*, 805 F.2d at 1328 (barring deposition of counsel even on the non-privileged subject of whether certain documents exist, because the testimony would reflect the deponent's judgment as an attorney of what documents were significant). "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman*, 329 U.S. at 511.

Third, ADM has not shown that opposing counsel's testimony is crucial to its preparation of its case. Bosch has already informed ADM that neither Mr. Ginsberg nor Mr. Roe will testify in this case. ADM presumably has direct access to its own employees and its own documents and records. And, as briefly noted above, while the jurisdictional issue is not now again before the Court, ADM's employees' activities at the 2010 AAPEX are not the only basis for this Court's personal jurisdiction over ADM.

This case thus falls into the pattern discussed by the Supreme Court in *Hickman v. Taylor*:

> Petitioner has made more than an ordinary request for relevant, non-privileged facts in the possession of his adversaries or their counsel. He has sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired. . . . We are thus dealing with an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney Fortenbaugh without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice. For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking. . . .
>
> Here is simply an attempt, without purported necessity or justification, to secure . . . personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties.  As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims.

329 U.S. at 508–510.

1    There is no sufficient basis in this case for ADM to force the deposition of Bosch's

2  lawyers about the behavior of ADM's own employees and the structure of its own products.

3  Bosch, Mr. Ginsberg, and Mr. Roe respectfully request the entry of a protective order barring

4  ADM from deposing Mr. Ginsberg and Mr. Roe.

5

6  Dated this 8th day of November, 2011.

7                                     By: /s/ Marla DaVee
                                          Todd M. Touton
8                                         Nevada Bar No. 1744
                                          Marla DaVee
9                                         Nevada Bar No. 11098
                                          LIONEL SAWYER & COLLINS
10                                        1700 Bank of America Plaza
                                          300 South Fourth Street
11                                        Las Vegas, Nevada 89101
                                          (702) 383-8888
12
13                                        Mark A. Hannemann
                                          Jeffrey S. Ginsberg
14                                        Richard M. Cowell
                                          KENYON & KENYON LLP
15                                        One Broadway
                                          New York, NY 10004
16                                        (212) 425-7200
17
18                                        *Attorneys for plaintiff Robert Bosch, LLC, and third
                                          parties Jeffrey Ginsberg and Scott Roe*
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Lionel Sawyer & Collins, and that on this 8th day of November, 2011, I caused to be served a true and correct copy of the foregoing **MOTION FOR PROTECTIVE ORDER BARRING ATTORNEY DEPOSITIONS** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Fed. R. Civ. P. 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the party listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Michael D Rounds
Watson Rounds, PC
5371 Kietzke Lane
Reno, NV 89511

Russell E. Levine
Craig Leavell
Bryce Budin
Matthew Shiels
Kirkland & Ellis LLP
300 North LaSalle Street, 26th Floor
Chicago, IL 60654

/s/ Marla DaVee
LIONEL SAWYER & COLLINS

1  Todd M. Touton
   Nevada Bar No. 1744
2  Marla DaVee
   Nevada Bar No. 11098
3  LIONEL SAWYER & COLLINS
   1700 Bank of America Plaza
4  300 South Fourth Street
   Las Vegas, Nevada 89101
5  (702) 383-8888 (Telephone)
   (702) 383-8845 (Fax)
6
   Mark A. Hannemann, *admitted pro hac vice*
7  Jeffrey S. Ginsberg, *admitted pro hac vice*
   Richard M. Cowell, *admitted pro hac vice*
8  KENYON & KENYON LLP
   One Broadway
9  New York, NY 10004
   (212) 425-7200 (Telephone)
10
11  *Attorneys for Robert Bosch LLC*

12              **UNITED STATES DISTRICT COURT**
13                 **DISTRICT OF NEVADA**

14  ROBERT BOSCH LLC,                    Case No. 2:10-cv-01930-RLH-RJJ
15              Plaintiff,
16      v.                               **DECLARATION OF RICHARD M.**
                                         **COWELL**
17  ADM 21 CO., LTD.; ADM USA; and
18  ADM NORTH AMERICA,
19              Defendants.

20  I, Richard M. Cowell, declare as follows:
21      1.    I am a member of the Bar of the State of New York and an attorney at Kenyon &
22  Kenyon LLP, attorneys of record for Plaintiff Robert Bosch LLC ("Bosch") in this action.  I
23  make this declaration in support of Plaintiff Robert Bosch LLC's Motion For Protective Order
24  Barring Attorney Depositions.  I have personal knowledge of the matters stated herein and would
25  be competent to testify to them if called upon to do so.
26      2.    Exhibit 1 includes true and correct copies of Subpoenas to Testify issued to Mr.
27  Ginsberg and Mr. Roe and served on October 10, 2011 by Counsel for ADM.
28

3.    Exhibit 2 (filed under seal) is a true and correct copy of Bosch's Confidential Second Supplemental Response to ADM21 Co., Ltd.'s Fourth Set of Interrogatories (No. 19), served on October 28, 2011.

4.    Exhibit 3 is a true and correct copy of a November 1, 2011 Letter from Bosch counsel to ADM counsel regarding the subpoenas to Kenyon & Kenyon and Messrs. Roe and Ginsberg.

5.    Exhibit 4 is a true and correct copy of a November 1, 2011 Letter from ADM counsel to Bosch counsel regarding the subpoenas to Kenyon & Kenyon and Messrs. Roe and Ginsberg.

6.    Exhibit 5 is a true and correct copy of a November 4, 2011 Letter from Bosch counsel to ADM counsel regarding the subpoenas to Kenyon & Kenyon and Messrs. Roe and Ginsberg.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November, 2011.

_/s/ Richard M. Cowell_____
RICHARD M. COWELL

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lionel Sawyer & Collins, and that on this 8th day of November, 2011, I caused to be served a true and correct copy of the foregoing DECLARATION OF RICHARD M. COWELL in the following manner:

(ELECTRONIC SERVICE) Pursuant to Fed. R. Civ. P. 5(b)(3) and L.R. 5-4, the above-referenced document was electronically filed and served upon the party listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Michael D. Rounds
Watson Rounds, PC
5371 Kietzke Lane
Reno, NV 89511
Mrounds@watsonrounds.com

Russell Levine
Craig Leavell
Bryce Budin
Matthew Shiels
Kirkland & Ellis LLP
300 N. Lasalle
Chicago, IL 60654
Russell.levine@kirkland.com
Craig.leavell@kirkland.com
Bryce.budin@kirkland.com
Matthew.shiels@kirkland.com

_/s/ Marla DaVee_
LIONEL SAWYER & COLLINS

# EXHIBIT 1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| Robert Bosch LLC | ) | |
| *Plaintiff* | ) | Civil Action No.   2:10-cv-01930-RLH-LRL |
| v. | ) | |
| ADM 21 Co., Ltd.; ADM USA; and ADM North America | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Nevada          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Jeffrey S. Ginsberg, Esq., c/o Kenyon & Kenyon LLP
One Broadway, New York, NY 10004

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10002 | Date and Time:<br><br>11/09/2011 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenographic means

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___10/10/2011___

|  | |
|---|---|
| *CLERK OF COURT* | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   ADM 21 Co., Ltd.;
ADM USA; and ADM North America                                        , who issues or requests this subpoena, are:
Craig D. Leavell, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654
craig.leavell@kirkland.com; (312) 862-2000

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:10-cv-01930-RLH-LRL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Clv. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Jeffrey S. Ginsberg, Esq.

was received by me on *(date)*   10/10/2011   .

☑ I served the subpoena by delivering a copy to the named individual as follows:  via e-mail to Mark

Hannemann of Kenyon & Kenyon LLP, pursuant to agreement

on *(date)*   10/10/2011   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $                    for travel and $                    for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date:     10/10/2011

*Server's signature*

Craig D. Leavell, counsel for Defendants
*Printed name and title*
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654

*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| Robert Bosch LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| ADM 21 Co., Ltd.; ADM USA; and ADM North America | ) |
| *Defendant* | ) |

Civil Action No.   2:10-cv-01930-RLH-LRL

(If the action is pending in another district, state where:
District of Nevada                )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  R. Scott Roe, Esq., c/o Kenyon & Kenyon LLP
     One Broadway, New York, NY 10004

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10002 | Date and Time:<br>11/09/2011 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenographic means

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/10/2011

|  CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   ADM 21 Co., Ltd.;
ADM USA; and ADM North America _____ , who issues or requests this subpoena, are:
Craig D. Leavell, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654
craig.leavell@kirkland.com; (312) 862-2000

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:10-cv-01930-RLH-LRL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   R. Scott Roe, Esq.

was received by me on *(date)*   10/10/2011   .

☑ I served the subpoena by delivering a copy to the named individual as follows:  via e-mail to Mark

Hannemann of Kenyon & Kenyon LLP, pursuant to agreement

on *(date)*   10/10/2011   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                     for travel and $                     for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:      10/10/2011

_____
*Server's signature*

Craig D. Leavell, counsel for Defendants
*Printed name and title*
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT 2
# [Filed Under Seal]

# EXHIBIT 3



**KENYON**
**&**
**KENYON**
**LLP**
Intellectual Property Law

Richard M Cowell
Direct 212.908.6277
rcowell@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

November 1, 2011

**By Electronic Mail**

Matthew Shiels, Esq.
Kirkland & Ellis LLP
300 North La Salle Street
Chicago, IL 60654

Re:   Bosch v. ADM, 3rd Party Subpoenas

Dear Matthew:

I write in response to your letter of October 26, 2011 regarding the subpoenas to Kenyon & Kenyon LLP and Messrs. Roe and Ginsberg.

As noted in his responses, Mr. Roe has no responsive documents.

Mr. Ginsberg has no responsive documents in his possession other than those in the possession of Kenyon & Kenyon LLP.

Kenyon & Kenyon will shortly produce the only responsive and discoverable document that is in its possession but not in Bosch's files. Other such responsive documents created on or before November 3, 2010, will be identified on a withheld-document log if you so request. If you do require a log, please let us know, and we will provide you an estimate of the costs of preparing it.

As for your request to depose Messrs. Ginsberg and Roe before Thanksgiving, please let us know the basis for your demand to depose Bosch's counsel.

Very truly yours,

KENYON & KENYON LLP

Richard M Cowell

# EXHIBIT 4

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Matthew James Shiels
To Call Writer Directly:
(312) 862-3299
matthew.shiels@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

November 1, 2011

**Via E-mail**

Robert W. Hernquist
Marla DaVee
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Richard M. Cowell
Jeffrey S. Ginsberg
Mark A. Hannemann
Michael J. Lennon
KENYON & KENYON LLP
One Broadway
New York, NY 10004

Re:   _**Bosch v. ADM, et al., Case No. 2L10-cv-01930**_

Dear Counsel:

I write in response to your letter sent today, November 1.

We would like a log of any information relevant in any way to the interactions at the 2010 AAPEX tradeshow in Las Vegas, Nevada between Bosch employees and/or Bosch's attorneys or representative -- particularly, but not limited to, those listed in Bosch's response to Interrogatory No. 19 -- and any representative of ADM, Raineater, or Stoner. We will take a look at any estimate of costs that you would like to send us, but do not necessarily agree that the costs are ADM's to bear.

Second, as you well know, certain alleged activities and observations of both Mr. Ginsberg and Mr. Roe are explicitly relied upon in Bosch's response to ADM Interrogatory No. 19. As discussed in Elizabeth Cutri's October 5 letter, both Mr. Roe and Mr. Ginsberg are in possession of facts relating to the issues of personal jurisdiction and ADM's alleged infringing acts. Indeed, the alleged display of the XF4 wiper blade at Aapex is Bosch's only basis for personal jurisdiction in Nevada, and the depositions of Messrs. Roe and Ginsberg is the only means by which ADM can test the veracity of Bosch's allegations. Bosch may not use attorney-client privilege as both a sword and a shield, and ADM is certainly entitled to explore Bosch's statements and not merely take it at its word.

## KIRKLAND & ELLIS LLP

Robert W. Hernquist
Richard M. Cowell
Jeffery S. Ginsberg
Mark A. Hannemann
Michael J. Lennon
November 1, 2011
Page 2


   The Roe and Ginsberg depositions are currently noticed for November 9, 2011. If we do not receive proposed dates by the end of the week, we plan to show up at the offices of Kirkland & Ellis in New York City on November 9th for the depositions of Mr. Ginsberg and Mr. Roe, each beginning at 9:00 am. We expect that Bosch will produce any documentation at least one week before the depositions and a log of withheld information at least 2 business days before the deposition.

       Sincerely,

       Matthew James Shiels

# EXHIBIT 5



Richard M Cowell
Direct 212.908.6277
rcowell@kenyon.com

One Broadway
New York, NY  10004-1007
212.425.7200
Fax 212.425.5288

November 4, 2011

**By Electronic Mail**

Matthew J. Shiels, Esq.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Re:   Bosch v. ADM, Third Party Subpoenas

Dear Matthew:

We write in response to your November 1 letter concerning your subpoenas to this firm and to Messrs. Roe and Ginsberg, which did not explain your clients' position with respect to the questions posed in our own November 1 letter.

Your November 1 letter was not clear whether you are demanding a log of all documents in the possession of Kenyon & Kenyon LLP -- Bosch's trial counsel -- relating to your clients' activities at the 2010 AAPEX show, regardless of when those documents were created.  If you are, please let us know the basis for this demand.

Your November 1 letter also was unclear as to the basis for your demand to depose Bosch's lawyers.  You write that "observations of both Mr. Ginsberg and Mr. Roe are explicitly relied upon in Bosch's response to ADM Interrogatory No. 19," but this is not the case.  Your interrogatory asked for the identity of everyone with personal knowledge of the ADM activites described in the interrogatory response, and both Mr. Ginsberg and Mr. Roe (as well as the other individuals identified in the interrogatory response, including six of ADM's own employees) were present at the 2010 AAPEX show; thus, they were identified in response to the interrogatory.  Your interrogatory did not ask for the identity of witnesses on whom Bosch will rely to establish the facts described in the interrogatory response; if it had, neither Mr. Ginsberg nor Mr. Roe would have been identified, for Bosch will not rely on their testimony.

Further with respect to the basis for your demand to depose Bosch's lawyers, your November 1 letter also does not explain the relevance or significance to the lawsuit of the events observed by Mr. Ginsberg and Mr. Roe.  Even setting aside your client's own showing of its XF4 product at the 2010 AAPEX, ADM does not appear to contest that ADM's customers were showing its products at that show.  And ADM and numerous ADM customers participated in AAPEX 2011, which was just concluded.  Does ADM deny that it and its customers displayed ADM's accused products at AAPEX 2011?

Matthew J. Shiels, Esq.
November 4, 2011
Page 2



Very truly yours,

KENYON & KENYON LLP

*/s/ Richard M. Cowell*

Richard M Cowell