Todd M. Touton
Nevada Bar No. 1744
Marla DaVee
Nevada Bar No. 11098
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888 (Telephone)
(702) 383-8845 (Fax)

Mark A. Hannemann, *admitted pro hac vice*
Jeffrey S. Ginsberg, *admitted pro hac vice*
Richard M. Cowell, *admitted pro hac vice*
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200 (Telephone)

*Attorneys for Robert Bosch LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BOSCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADM 21 CO., LTD.; ADM USA; and ADM NORTH AMERICA,<br><br>Defendants. | Case No. 2:10-cv-01930-RLH-RJJ |

**PLAINTIFF ROBERT BOSCH LLC'S**
**SUPPLEMENTAL OPENING CLAIM CONSTRUCTION BRIEF**

# TABLE OF CONTENTS

I. STATEMENT OF FACTS ........................................................................................... 1
    A. Bosch's '926 And '218 Patents.......................................................................... 1
    B. Bosch's '988 Patent ........................................................................................... 3
II. ARGUMENT................................................................................................................ 3
    A. Relevant Claim Construction Principles........................................................... 3
    B. Claim Terms From The '218 Patent ................................................................. 3
        1. "on a longitudinal edges"....................................................................... 3
        2. "the spoiler has a recess receiving at least one retainer" ...................... 4
        3. "a spoiler having an outer profile"......................................................... 5
        4. "at least approximately adapted" .......................................................... 5
        5. "recess in the spoiler is groove-shaped" ................................................ 6
    C. Claim Terms From The '988 Patent ................................................................. 6
        1. "hinge half"............................................................................................ 6
        2. "considerably shallower"....................................................................... 7
        3. "cheek region/cheek regions" ................................................................ 7
        4. "by each of which one cheek region is formed on one of two longitudinal sides (44) of the coupling part" ........................................ 8
        5. "wherein in a ratio" ................................................................................ 8
        6. "near one end of the coupling part" ...................................................... 9
    D. Claim Terms From The '926 Patent ............................................................... 10
        1. "$I_{zz}$ is a moment of inertia of a cross sectional profile around a z-axis perpendicular to an taxis, which adapts along with the support element (12), and perpendicular to a y-axis".......................................... 10
        2. "two individual bars" ........................................................................... 11
III. CONCLUSION........................................................................................................... 12

# TABLE OF AUTHORITIES

Cases

*Acumed LLC v. Stryker Corp.*,
   483 F.3d 800 (Fed. Cir. 2007)......................................................................................... 9

*Andrew Corp. v. Gabriel Elecs., Inc.*,
   847 F.2d 819, 821 (Fed. Cir. 1988).................................................................................. 6

*Astrazeneca L.P. v. Apotex, Inc.*,
   633 F3d 1042 (Fed. Cir. 2010).......................................................................................... 7

*Comark Commc's, Inc. v. Harris Corp.*,
   156 F.3d 1182 (Fed. Cir. 1998)......................................................................................... 9

*Halo Elecs., Inc. v. Pulse Eng'g, Inc.*,
   721 F. Supp. 2d 989 (D. Nev. 2010)........................................................................ passim

*Hoffer v. Microsoft Corp.*,
   405 F.3d 1326 (Fed. Cir. 2005)......................................................................................... 3

*MBO Labs., Inc. v. Becton, Dickinson & Co.*,
   474 F.3d 1323 (Fed. Cir. 2007)....................................................................................... 11

*Merck & Co., Inc. v. Teva Pharms. USA, Inc.*,
   395 F.3d 1364 (Fed. Cir. 2005)......................................................................................... 6

*Oakley, Inc. v. Sunglass Hut Int'l*,
   316 F.3d 1331 (Fed. Cir. 2003).................................................................................... 6, 7

*Shuffle Master, Inc. v. Awada*,
   No. 2:04-cv-0980, 2007 WL 4166109 (D. Nev. Nov. 16, 2007)..................................... 4

*Silicon Graphics, Inc. v. ATI Techs., Inc.*,
   607 F.3d 784 (Fed. Cir. 2010)................................................................................. passim

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
   775 F.2d 1107 (Fed. Cir. 1985)......................................................................................... 4

*U.S. Surgical Corp. v. Ethicon, Inc.*,
   103 F.3d 1554 (Fed. Cir. 1997).......................................................................... 4, 5, 9, 11

*Vitronics Corp. v. Conceptronic, Inc.*,
   90 F.3d 1576 (Fed. Cir. 1996)........................................................................................... 7

**Rules**

Fed. R. Civ. P. 5(b)(3)............................................................................................................. i

Plaintiff Robert Bosch LLC ("Bosch") submits this supplemental *Markman* brief in support of its proposed claim constructions with respect to United States Patent Nos. 6,523,218 ("the '218 patent," Ex. A), 6,611,988 ("the '988 patent," Ex. B) and 6,836,926 ("the '926 patent," Ex. C) (collectively, "the Bosch patents"). For the reasons that follow, Bosch respectfully requests that the Court adopt its proposed claim constructions where offered and decline to construe the remaining terms, which are clear on their face and can be properly applied by a jury without construction.

## I.   STATEMENT OF FACTS

Bosch filed this patent infringement suit in November 2010, accusing ADM21 Co., Ltd., ADM USA and ADM North America (collectively, "ADM" or "defendants")'s beam-type or frameless wiper blades of infringing U.S. Patent Nos. 6,944,905, 6,973,698, and 6,553,607 patents. Pursuant to the original Scheduling Order (D.I. 39), the parties filed opening and responsive claim construction briefs on April 22, 2011 and May 6, 2011, respectively. (D.I. 49, 51, 55 and 56).

After ADM produced samples of the accused wiper blades during discovery, Bosch was able to further analyze the accused products and determined that they also infringed Bosch's '218, '988 and '926 patents. Shortly thereafter, Bosch moved to amend its Complaint to include allegations that defendants' accused wiper blades infringe claims 1, 2, 5–7, and 10 of the '218 patent, claims 1–5, 8, 9 and 11 of the '988 patent, and claims 1, 2 and 3 of the '926 patent. The '218 and '926 patents describe improvements to beam wiper blade technology; the '988 patent describes a low-profile connector used to fasten a beam wiper blade to a wiper arm.

Pursuant to the Amended Scheduling Order (D.I. 69), the parties identified terms requiring construction on October 3 and proposed constructions for those terms on October 25. (Ex. D–G). The parties ultimately agreed to the constructions of three of the terms. (*See* Ex. F–H).

### A.   Bosch's '926 And '218 Patents

An overview of beam-type wiper blades is discussed generally in Bosch's Opening Claim Construction Brief regarding the '905, '698 and '607 patents. (*See* D.I. 51 at 2).

The '218 patent is directed to a beam-type wiper blade that includes a spoiler (wind deflection strip) having at least one recess configured to include at least one retainer. (Ex. A at Abstract). The retainer has a shape approximately adapted to the outer profile of the spoiler and secures the support element to the wiper strip. (*Id.*). The use of recesses allows for the placement of retainers to be inconspicuous, and adapting the shape of the retainer to the outer profile of the spoiler allows a spoiler effect (reducing wind lift) to occur in the area of the retainer. (*Id.* at 1:37–49).[1]

The '926 patent is also directed to a beam blade and more particularly, it is directed to a beam blade having a support element with a substantially constant thickness and width, wherein the support element's profile satisfies the inequality:

$$\frac{F_{wf} * L^2}{48 * E * I_{zz}} < 0.009$$

where $F_{wf}$ is the pressure force exerted on the wiper blade, L is the length of the support element, E is the modulus of elasticity of the support element and $I_{zz}$ is the moment of inertia of the cross-sectional profile around a z-axis perpendicular to an s-axis, which adapts along with the support element, and perpendicular to a y-axis. (Ex. C at Abstract; 5:47–50; 10:4–25). $I_{zz}$ is calculated by the following formula, where *d* is the thickness of the support element and *b* is the width of the support element:

$$I_{zz} = \frac{d * b^3}{12}$$

(*Id.* at 6:58–7:1). The lateral deflection of the ends of a wiper blade designed according to this invention is minimized, thereby preventing undesirable rattling. (*Id.* at 2:1–18).

---

[1] Citations to patents are in the form X:Y, where X represents the column number and Y represents the line number of the cited portion.

### B. Bosch's '988 Patent

The '988 patent, similar to Bosch's '607 patent, is directed to a wiper blade that includes a connection for securing the blade to a particular type of wiper arm commonly referred to as a sidelock wiper arm. The unique design of the connection results in a low profile and is less expensive to manufacture than other low profile connections. (Ex. B at 1:57–60, 2:52–53). Further, the unique design allows for the efficient removal and replacement of the wiper blade from the wiper arm. (*Id.* at 1:47–51).

## II. ARGUMENT

Bosch's proposed claim constructions are dictated by the claim language, specifications and prosecution histories of the patents-in-suit. By contrast, defendants seek claim constructions on an excessive number of terms, many of which are at odds with the intrinsic evidence, improperly import limitations into the claims from the specification, and are contrary to the ordinary meanings of the same.

### A. Relevant Claim Construction Principles

Bosch refers the Court to the discussion of relevant claim construction principles set forth in its Opening Claim Construction Brief. (D.I. 51 at 3–4).

### B. Claim Terms From The '218 Patent

#### 1. "on a longitudinal edges"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 5 | on a longitudinal edge | on a longitudinal edge |

The parties have agreed that the phrase "on a longitudinal edges" should be construed as "on a longitudinal edge." The inclusion of the plural "edges" instead of the singular "edge" represents a typographical error that can be corrected by the Court. *See, e.g., Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005) (reversing summary judgment of invalidity for indefiniteness based on typographical error where "the error was apparent from the face of the patent, and that view is not contradicted by the prosecution history"); *Shuffle Master, Inc. v.*

*Awada*, No. 2:04-cv-0980, 2007 WL 4166109, at *9–10 (D. Nev. Nov. 16, 2007) (construing claim to correct typographical error).

### 2. "the spoiler has a recess receiving at least one retainer"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | No construction is necessary. | the spoiler has a recess receiving at least one retainer; the recess is not an aperture or hole, but merely an indentation |

The phrase "the spoiler has a recess receiving at least one retainer" is readily understood—the spoiler has a recess in which at least retainer is found—and can be properly applied by a jury without construction. *See Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 798 (Fed. Cir. 2010) (affirming district court's choice to not construe term and to instead apply its ordinary meaning); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) ("We have frequently stated that the words of a claim 'are generally given their ordinary and customary meaning.'" (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996))); *Halo Elecs., Inc. v. Pulse Eng'g, Inc.*, 721 F. Supp. 2d 989, 1004 (D. Nev. 2010). *See also U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) (holding that claim construction "is not an obligatory exercise in redundancy").

ADM does not deny that the phrase is readily understandable, but instead attempts to add an unsupported limitation in an improper attempt to avoid infringement. *See SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc) ("It is only *after* the claims have been *construed without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement." (emphasis in original)). ADM has yet to propose any support for this limiting construction, and Bosch reserves the right to respond to any argument ADM makes in support of its construction.

3. **"a spoiler having an outer profile"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | No construction is necessary | a spoiler having an outer surface shaped so as to prevent the wiper blade from lifting away from the window |

The phrase "a spoiler having an outer profile" recited in claim 1 of the '218 patent is also clear and can be properly applied by a jury without construction. *See Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004. *See also U.S. Surgical Corp.*, 103 F.3d at 1568 (holding that claim construction "is not an obligatory exercise in redundancy").

By contrast, ADM seeks to improperly read limitations into the claim through its proposed construction. In particular, ADM seeks to improperly define "profile" as "surface shaped so as to prevent the wiper blade from lifting away from the window." ADM has yet to propose any support for this limiting construction, and Bosch reserves the right to respond to any argument ADM makes in support of its construction.

4. **"at least approximately adapted"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | No construction is necessary | indefinite |

The phrase "at least approximately adapted" recited in claim 1 of the '218 patent is also clear and can be properly applied by a jury without construction. *See Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004. *See also U.S. Surgical Corp.*, 103 F.3d at 1568.

ADM has not yet advanced any theory of indefiniteness. If such a theory is provided, Bosch will provide its response in its answering brief. Bosch notes that the Federal Circuit has held that the term "approximately" is understandable, and has in fact used "approximately" as a construction for the term "about." *See, e.g., Merck & Co., Inc. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364, 1369 (Fed. Cir. 2005) (holding that "about" "should be given its ordinary meaning of

'approximately'"); *Andrew Corp. v. Gabriel Elecs., Inc.*, 847 F.2d 819, 821–22 (Fed. Cir. 1988) (holding that term "closely approximate" was not indefinite). Moreover, it is not necessary for a patentee to "define his invention with mathematical precision in order to comply with the definiteness requirement." *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1341 (Fed. Cir. 2003) (citing *In re Marosi*, 710 F.2d 799, 802–03 (Fed. Cir. 1983)).

5. **"recess in the spoiler is groove-shaped"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 6 | No construction is necessary | recess in the spoiler is groove-shaped and is not an aperture or hole, but merely an indentation |

ADM apparently agrees with Bosch that the term "recess in the spoiler is groove-shaped" is clear and can be applied by a jury without construction, but again seeks to add an unsupported limitation that the recess "is not an aperture or hole, but merely an indentation." For the reasons expressed above (*see infra*, Section II.B.2), ADM's construction should be rejected and the term should not be construed. *See Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004.

C. **Claim Terms From The '988 Patent**

1. **"hinge half"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | portion of the coupling part formed by the bearing recess | the one of the two coupling part halves in which the entire bearing recess is formed |

Bosch submits that the term "hinge half" should be construed as the "portion of the coupling part formed by the bearing recess." Bosch's construction stems from the specification, which describes the hinge half as being formed by the transverse bore—the transverse bore also "acts as a bearing recess." (Ex. B at 4:31–40). Claim 1 itself also explains that the hinge half of the coupling part is "formed by a bearing recess." (*Id.* at 6:39–40).

- 6 -

ADM's proposed construction improperly adds limitations that the hinge half be one of "two coupling part halves" and that "the entire bearing recess" be formed inside it. However, "hinge half" is used exclusively within the specification to refer only to the portion of the coupling part formed by the bearing recess. (*See id.* at 1:60–64; 4:31–44). There is no discussion anywhere in the specification of a second coupling part half or that the bearing recess is required to be entirely within the hinge half. *Astrazeneca L.P. v. Apotex, Inc.*, 633 F.3d 1042, 1052 (Fed. Cir. 2010) ("[W]hen a patentee uses a claim term throughout the entire patent specification, in a manner consistent with only a single meaning, he has defined that term 'by implication.'" (quoting *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc.*, 262 F.3d 1258, 1271 (Fed. Cir. 2001))). ADM's construction should therefore be rejected.

2. **"considerably shallower"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 1 | visibly lower | indefinite |

Bosch submits that the term "considerably shallower" should be construed as "visibly lower." Bosch's construction stems from the specification and the figures, which show a region of the coupling part as visibly lower than the remainder. (Ex. B at Fig. 3 (reference numeral 50 denotes the considerably shallower region); 5:12–15).

ADM has not yet advanced any theory of indefiniteness. If such a theory is provided, Bosch will respond in its answering brief.

3. **"cheek region/cheek regions"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 2,3,4,5 | side region | side region |

The parties have agreed that the term "cheek region" or "cheek regions" should be construed as "side region" or "side regions," as appropriate.

4. **"by each of which one cheek region is formed on one of two longitudinal sides (44) of the coupling part"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 2 | each side region is formed on one of two longitudinal sides of the coupling part | indefinite |

Bosch submits that the term "by each of which one cheek region is formed on one of two longitudinal sides (44) of the coupling part" should be construed as "each side region is formed on one of two longitudinal sides of the coupling part."[2] Bosch's construction stems from the specification, which describes that a cheek region is formed on each of the two longitudinal sides of the coupling part. (Ex. B at 4:45–48; Figs. 3, 4).

ADM has not yet advanced any theory of indefiniteness. If such a theory is provided, Bosch will respond in its answering brief.

5. **"wherein in a ratio"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 5 | wherein a ratio | wherein a ratio |

The parties have agreed that the phrase "wherein in a ratio" should be construed as "wherein a ratio." The inclusion of "in" represents a typographical error that can be corrected by the Court. *E.g., Hoffer*, 405 F.3d at 1331 (reversing summary judgment of invalidity for indefiniteness based on typographical error where "the error was apparent from the face of the patent, and that view is not contradicted by the prosecution history"); *Shuffle Master*, 2007 WL 4166109 at *9–10 (construing claim to correct typographical error).

---

[2] Reference characters included in the claim do not affect the claim's construction and should not be presented to the jury. *Ex parte Fressola*, No. 93-0828, 27 U.S.P.Q.2d (BNA) 1608, 1613 (B.P.A.I. May 11, 1993); MANUAL OF PATENT EXAMINING PROCEDURE § 608.01(m) (8th ed. 2010).

6.   **"near one end of the coupling part"**

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|---|---|---|
| 11 | no construction necessary; alternatively, if construction is deemed necessary, "in the vicinity of one end of the coupling part" | close to one longitudinal end of the coupling part and closer to that end than to the other longitudinal end of the coupling part |

The phrase "near one end of the coupling part" recited in claim 11 of the '988 patent is clear and can be properly applied by a jury without construction. *See Silicon Graphics*, 607 F.3d at 798 (affirming district court choice to not construe term and to instead apply its ordinary meaning); *Halo Elecs.*, 721 F. Supp. 2d at 1004. *See also U.S. Surgical Corp.*, 103 F.3d at 1568 (claim construction "is not an obligatory exercise in redundancy"). Alternatively, if construction is deemed necessary, the term should be given its ordinary meaning "in the vicinity of one end of the coupling part."

By contrast, ADM again seeks to improperly read limitations into the claim through its proposed construction. In particular, ADM seeks to improperly narrow the construction of "near one end of the coupling part" to require that the bearing recess be located "close to one *longitudinal* end of the coupling part and *closer to that end than to the other longitudinal end* of the coupling part." (Ex. F (emphasis added)). ADM's proposed construction would impermissibly limit the claims to a disclosed embodiment (specifically, that which is described at 5:7–9 of the '988 patent). *See Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) ("the language that Harris [the defendant] argues should limit claim 1 is clearly found in the . . . patent's description of the preferred embodiment. It is precisely against this type of claim construction that our prior case law counsels."); *see also Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 807–08 (Fed. Cir. 2007) (rejecting defendant's proposed construction as "an improper attempt to read a feature of the preferred embodiment into the claims as a limitation"). The claim language merely states "near" one end of the coupling part, with no words describing any relation to the other end. While language similar to ADM's proposed construction is found in the specification describing a preferred embodiment (Ex. B at 5:7–9), claim 11 of the '988

patent is not so limiting. *See Comark Commc'ns*, 156 F.3d at 1187. Moreover, ADM adds the limitation "longitudinal." Such addition is neither necessary nor supported by the intrinsic evidence.

D. **Claim Terms From The '926 Patent**

1. "$I_{zz}$ is a moment of inertia of a cross sectional profile around a z-axis perpendicular to an taxis, which adapts along with the support element (12), and perpendicular to a y-axis"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction[3] |
|---|---|---|
| 1 | $I_{zz}$ is a moment of inertia of a cross sectional profile around a z-axis perpendicular to an s-axis which adapts along with the support element, and perpendicular to a y-axis | $I_{zz}$ is the moment of inertia of the cross sectional profile around the z-axis, wherein the z-axis is perpendicular to 1) the s-axis, which adapts along with the support element and 2) the y-axis, and wherein the orientation of the z-axis and the orientation of the y-axis are show [*sic*] in Figure 4 and Figure 5. |

Claim 1 of the '926 patent contains a typographical error introduced by the Patent Office. As can be seen in the file history, the phrase "an s-axis" was mis-transcribed by the Patent Office as "an taxis." (Ex. I, BOS_LLC0812835 (final amendment before issuance showing claim written as per Bosch's construction)). ADM apparently agrees with Bosch that the "an taxis" phrase is a typographical error that can be corrected by this Court. *E.g., Hoffer*, 405 F.3d at 1331 (reversing summary judgment of invalidity for indefiniteness based on typographical error where "the error was apparent from the face of the patent, and that view is not contradicted by the prosecution history"); *Shuffle Master*, 2007 WL 4166109 at *9–10 (construing claim to correct typographical error).

However, ADM's amended construction, which it provided after the deadline for exchanging proposed claim constructions (*see* note 3, *supra*), includes the phrase "wherein the

---

[3] ADM originally proposed construing this term as "$I_{zz}$ is a moment of inertia of a cross sectional profile around a z-axis, wherein the z-axis is perpendicular to 1) an s-axis, which adapts along with the support element and 2) a y-axis." (Ex. F, Oct. 25 letter from ADM counsel). On November 5, 11 days after the deadline for exchanging proposed constructions, ADM proposed the current construction. (Ex. H, Nov. 5 letter from ADM Counsel).

orientation of the z-axis and the orientation of the y-axis are show [*sic*] in Figure 4 and Figure 5." Such proposed construction impermissibly and unnecessarily imports limitations from the figures and specification. *Acumed*, 483 F.3d at 807–08 (rejecting defendant's proposed construction as "an improper attempt to read a feature of the preferred embodiment into the claims as a limitation"); *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333 (Fed. Cir. 2007) ("patent coverage is not necessarily limited to inventions that look like the ones in the figures. To hold otherwise would be to import limitations onto the claim from the specification, which is fraught with 'danger.'" (citations omitted)).

### 2. "two individual bars"

| Claim | Bosch's Proposed Construction | ADM's Proposed Construction |
|-------|-------------------------------|------------------------------|
| 3 | no construction necessary; alternatively, if construction is deemed necessary, two bars separated at least in part by a space | two distinct and separate bars |

The phrase "two individual bars" recited in claim 3 of the '926 patent is clear and can be properly applied by a jury without construction. *Silicon Graphics*, 607 F.3d at 798; *Halo Elecs.*, 721 F. Supp. 2d at 1004. *See also U.S. Surgical Corp.*, 103 F.3d at 1568 (holding that claim construction "is not an obligatory exercise in redundancy"). Alternatively, if construction is deemed necessary, the term should be construed as "two bars separated at least in part by a space." Bosch's construction is supported by the specification, in particular Figure 5 (reproduced below), which shows the spring bars in cross-section separated by a space. (Ex. C at Fig. 5; 7:10–11).



Fig. 5

ADM has not proposed any support for its construction requiring "two distinct and separate bars." Bosch intends to respond to any such argument in its responsive brief.

## III. CONCLUSION

For the reasons stated above, Bosch respectfully requests that the Court adopt its constructions where offered and decline to adopt ADM's proposed constructions.

Dated this 21st day of November, 2011.

By: /s/ Todd M. Touton
Todd M. Touton
Nevada Bar No. 1744
Marla DaVee
Nevada Bar No. 11098
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888

Mark A. Hannemann
Jeffrey S. Ginsberg
Richard M. Cowell
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Robert Bosch, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Lionel Sawyer & Collins, and that on this 21st day of November, 2011, I caused to be served a true and correct copy of the foregoing **PLAINTIFF ROBERT BOSCH LLC'S SUPPLEMENTAL OPENING CLAIM CONSTRUCTION BRIEF** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Fed. R. Civ. P. 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the party listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

| | |
|---|---|
| Michael D Rounds<br>Watson Rounds, PC<br>5371 Kietzke Lane<br>Reno, NV 89511 | Russell E. Levine<br>Craig Leavell<br>Bryce Budin<br>Matthew Shiels<br>Kirkland & Ellis LLP<br>300 North LaSalle Street, 26th Floor<br>Chicago, IL 60654 |

/s/ Sandy Jackson
LIONEL SAWYER & COLLINS